Merrill *vs.* Whitaker *et al.*

Roe, *casual ejector*, and H. Merrill, tenant, plaintiffs in error, *vs.* Doe, *ex dem.*, P. H. Whitaker *et al.*, defendants in error.

1. Continuances are in the sound discretion of the Court, and this Court will not disturb the judgment of the Court below, on a question of continuance, unless there be an abuse of the discretion vested, by law, in the Judge.
2. The value of the premises in dispute, in an action of ejectment, except so far as it affects the *mesne* profits, is immaterial to the issue.

Ejectment. Continuances. Before Judge Bigby. Coweta Superior Court. September Term, 1870.

This was ejectment, by Doe, upon the demises of Whitaker *et al.*, against Roe, casual ejector, and Harrison Merrill, tenant in possession. The evictions were charged to have been in 1863 and 1864, and suit was begun in 1869. When the cause was called for trial, Merrill was absent. His counsel moved for a continuance, stating that they could not go safely to trial without Merrill's presence, for he had all the papers upon which they rested the defense; that Merrill bought the land from the real plaintiff in 1863, gave his note therefor, and took a bond for titles; that the plaintiff sued Merrill on this note, but dismissed that action and brought ejectment or the land, although Merrill offered to pay the value of the note since the war; that Merrill, and the bar generally, understood that no causes, founded upon contracts entered into prior to June, 1865, would be tried at this term, unless the defendant was willing, and relying on this understanding, counsel did not get ready to try this cause. The Judge said he had given notice to all the bar, ten days before Court, that the rule as to passing old causes would not cover ejectment causes, and refused a continuance.

Title in plaintiff was shown. The evidence as to value for rent, *per annum*, varied from $100 00 to $120 00. It was shown that defendant had put about $90 00 worth of improvements on the place. Defendant offered to prove the contents of said bond, without showing its loss, etc., and the

Merrill *vs.* Whitaker *et al.*

value of the premises at the date of his alleged promises, and the value at the trial, but did not offer to show that the value was increased by his improvements. The Court rejected the evidence.

The verdict was for the plaintiff, for the premises and $375 00 *mesne* profits. Defendant moved for a new trial, upon the ground that the Court erred in refusing said continuance, and in rejecting said evidence, etc. A new trial was refused, and that is assigned as error.

J. B. L. DAVIS; SMITH & TURNER, for plaintiff in error.

S. FREEMAN; H. BUCHANON, for defendant. As to continuances: R. Code, secs. 3473, 3480; 39th Ga. R., 591, 678. Contents of bond: R. Code, secs. 3708, 3709, 3714; Gr. Ev., secs. 82, 84, 85, 86, 87; 6th Ga. R., 188; 9th, 471. Value of premises: R. Code, sec. 3703; 6th Ga. R., 88, etc.

McCAY, J.

1. This Court has uniformly held, that continuances are in the sound discretion of the Court, and will not be interfered with, unless the error be clear, and damage has accrued by the refusal. We can hardly see how these parties could have mistaken the announcement of the Judge, as ejectment cases can only come under the class of old debt cases under extraordinary circumstances.

2. Nor can we see what the value of the premises had to do with the matter. The evidence offered was not, as was admitted, tendered to throw light on the question of *mesne* profits, and for any other purpose it was wholly immaterial. What can it matter as to the right to recover, whether the land be worth $100 00 or $1,000 00? So far as the record discloses the case, we can see no imaginable, proper use that could have been made of the evidence of the value of the premises in dispute, and we think the evidence was properly rejected.

Judgment affirmed.