THOMAS J. WOOLFOLK, plaintiff in error, *vs.* THE MACON AND AUGUSTA RAILROAD COMPANY, defendant in error.

1. Though in all cases where stock is killed by a railroad, even in a pasture which encloses the road, the presumption of negligence is against the company, and the burden is upon the company to show the absence of negligence and that the accident was unavoidable; yet, when evidence on that subject is before the jury, and the law has been correctly given in charge, and the jury has found for the company, this court will not control the discretion of the judge who presided in the court below in refusing to set aside the verdict and grant a new trial.

Woolfolk *vs.* The Macon and Augusta Railroad Company.

2. When the plaintiff in error does not furnish in the record the entire charge of the court below, this court will presume that the circuit court charged correctly, if the contrary be not manifest from the portions of the charge given and excepted to.

3. A request to charge to the effect "that the failure to keep the right of way clear of bushes is negligence on the part of the road and its employees, and if the cow was killed by the failure to see her on account of the bushes, you should find for the plaintiff," was properly refused; because if such charge had been given, it would have taken the question of negligence from the jury, and left it entirely to the court; "negligence is a question for the jury; the judge has no right to determine what constitutes negligence:" *34 Georgia Reports, 330.*

Railroads. Charge of Court. Practice in the Supreme Court. Before Judge BARTLETT. Jones Superior Court. October Term, 1875.

Reported in the opinion.

HARDEMAN & JOHNSON, by WALTER M. JACKSON, for plaintiff in error.

WHITTLE & GUSTIN, by C. L. BARTLETT, for defendant.

JACKSON, Judge.

This was an appeal from the justice's court to the superior court of the county of Jones, on the question of the liability of the railroad company for killing a cow belonging to the plaintiff.

It appears from the record that the plaintiff had four or five hundred acres of land enclosed by fence, lying on both sides of the railroad; that where the fence crossed the road cattle gaps were constructed; that this land was used as a pasture at the time the cow was killed, and that she was killed within the enclosed pasture. It also appeared that some bushes were left standing within the right of way of the company, contrary to a regulation thereof, and it was attempted to be proved that the engineer failed to see the cow on account of the bushes. It was also in evidence that a public crossing

Woolfolk *vs*. The Macon and Augusta Railroad Company.

was on the road outside of this pasture, within a short distance thereof, and that the defendant's engineer failed to blow the whistle and check his train on approaching the crossing, and that the cow was killed some sixty feet from the crossing, within the enclosed field used as a pasture.

The jury, under the charge of the court, found for the defendant, the engineer having sworn that he could not see the cow; that he was using all diligence; that the killing was unavoidable; that he could not have seen her on account of the fense, even if the bushes had been out of the way.

The plaintiff moved for a new trial on the ground that the court erred in refusing to charge that " the failure to keep the right of way clear of bushes is negligence on the part of said road and its employees, and you should find for the plaintiff, if the cow was killed by the failure to see her on account of the bushes;" and on the further ground that the verdict was against the law and the evidence.    The court refused the new trial, and this is the error assigned.

We think that the court properly refused the request. It would have made the court say to the jury what was negligence, and would have commanded the jury, thereupon, to find for the plaintiff.    The question of negligence is for the jury, exclusively for the jury; had this charge been given, it would have been taken from them and been controlled exclusively by the court.    This court has often held that this question of negligence is for the jury alone.    It is enough to refer to the case of *Wright vs. the Georgia Railroad and Banking Company,* where the fact proven was that an axle of the car was too short.    It was held incompetent for the court to tell the jury, even that that fact constituted such negligence as to require a verdict for the plaintiff: 34 *Georgia Reports*, 330.    It would have been improper, therefore, to give this request as written.

The charge of the court, as excepted to, submits the question of negligence to the jury, telling them that the burden is on the railroad company to show its absence and to show that the accident was unavoidable.    Even if the cow had not

been killed in the pasture, crossing the road as the enclosed field did, we think that this gives the law substantially to the jury. Besides, the presumption is that the court supplied all omissions, if the *whole* charge be not set out in the record, so as to show affirmatively that the court erred in leaving out some important principle of law. As far as it is set out, the charge and refusal to charge appear to us correct; and we presume that the court charged that the presumption in respect to negligence was against the road, and that the jury might consider all the facts and circumstances in respect to the alleged negligence and find as they believed the truth to be. Assuming that the law was so given to the jury, we have often ruled that this court will not control the discretion of the circuit judge in refusing to grant a new trial when there is enough testimony to sustain the verdict, and where there is no error in the charge.

In respect to the complaint about the application of the case of the *Macon and Augusta Railroad Company vs. Vaughn*, 48 *Georgia Reports*, 464, to this case, we remark that it does not appear that the motion for a new trial was based thereon; but if it had been, with proper qualifications, we think the law there decided is applicable to this case. It is true that in that case there was no evidence at all of negligence; in this there is some; but in both cases the animal was killed in a pasture enclosed on both sides of the railroad; and as we have presumed that the court charged correctly when the contrary does not appear, and as the jury have found no negligence on the part of the company in this case, the two cases, with that finding, are exactly alike. We must, therefore, affirm the judgment.

Judgment affirmed.