GREEN H. JORDAN, plaintiff in error, *vs.* J. R. INGRAM, de-
fendant in error.

When no exception is taken to the charge of the court, the presumption is
that the court charged the law correctly; and the question whether a con-
tract made by the partner to pay damages himself, if the stock of defend-
ant should be injured by penning diseased stock of the partnership in the
same lot with defendant's, was within the scope of the partnership and
binding on the partnership or not, being a question for the jury, under all
the circumstances, and they having found that the contract was not within
the purview of the partnership, and not binding on the firm, and the pre-
siding judge being satisfied with the verdict, this court will not control the
discretion of the court below in refusing to grant a new trial.

New trial. Partnership. Before Judge CRAWFORD. Tay-
lor Superior Court.   April Term, 1876.

Reported in the opinion.

W. S. WALLACE, for plaintiff in error.

BLANDFORD & GARRARD, for defendant.

JACKSON, Judge.

Ingram sued Jordan on a note payable to the former indi-
vidually.  Jordan answered by a plea that Ingram was in
partnership with another, his son, and that the son got him
to pen with his, Jordan's, stock some diseased stock belonging
to the partnership; that the note sued on was partnership
property, and that the son promised and agreed if Jordan's

Jordan *vs.* Ingram.

stock should be injured by the diseased stock, he would pay damages; the stock of Jordan was damaged, and he pleaded the fact in recoupment against the note J. R. Ingram sued on. The judge charged the jury the law; no complaint of his charge is made, and it is not in the record; therefore we say he charged the law of the case; and the sole question here is was the verdict right? There was no doubt, we think, about the partnership. The question was, did the partner have the right to bind the firm on this contract to pay damages? We think that if he exhausted all other means of penning the stock, he might perhaps have done so; but the question, we think, was one for the jury; under all the facts of the case, did the partner act so as to bind his copartner? was it the best he could do reasonably at the time, or did he recklessly make a bargain that no reasonable man would have made, and which might have ruined the firm? We suppose that the court submitted this question to the jury, and they found that under the circumstances here disclosed the partner present went beyond his power, and could not bind the partnership. Again, the evidence seems to be that the son, Park Ingram, only bound himself. He said that he would pay all damages. He made no promise for the firm or for his father. The presumption is that the court charged that if he, Jordan, looked to Park Ingram alone, he could not recoup, and the jury were authorized, from the note having been given to J. K. Ingram alone, and the promise made by Park that *he* would indemnify Jordan, that nobody was bound to Jordan about the diseased stock and their damage but Park Ingram. There being enough testimony to sustain the verdict, and the presumption being that the court charged the law correctly, and the presiding judge being satisfied with the verdict, we will not interfere.

Judgment affirmed.