HUNT *et al. vs.* POND, administrator.

1. The question being one of *mesne* profits, the value of the land in dispute for rent could be proved by the opinions of witnesses familiar therewith.

(*a.*) The land having been attached to a storehouse as a yard, and afterwards fenced off by defendant, proof of the amount which the rent of the storehouse had been decreased thereby was competent to indicate the rental value of the lot itself.

2. A small strip of land of little or no intrinsic value when taken alone, but valuable as part of the yard of a storehouse, being the subject of an ejectment suit in which *mesne* profits were claimed, proof of its intrinsic value for the purpose of determining its value for rent, was not competent.

3. The value of fences put upon land by a trespasser, not as an improvement, but for the purpose of obstructing the plaintiff who sues him in ejectment, are not provable upon the trial of that case.

(*a.*) Nor could the value of such improvement be set off against *mense* profits except when the value of the premises for rent had been increased by them.

4. When the entire charge is not brought up to this court, the presumption is that it was right, especially where no exception was taken to it.

5. Unless a request to charge is all legal and pertinent, the court is not bound to give any part of it.

6. A prescriptive title which meets the requirements prescribed by the Code, will not be defeated by the fact that a grantor through whom the claimants of prescription held had made a deed prior to that under which they claimed, even though it was of record.

Ejectment. Evidence. Title. Practice in Supreme Court. Charge of Court. Verdict. Before Judge WILLIS. Muscogee Superior Court. May Term, 1881.

Reported in the decision.

S. B. HATCHER, for plaintiffs in error.

MCNEILL & LEVY, for defendant.

SPEER, Justice.

This was an action to recover a small tract of land in the city of Columbus, forty-seven feet long and ten feet wide, brought by George Y. Pond, as administrator of William McCook, against the plaintiffs in error, W. P. and P. E. Hunt. The plaintiff below showed title to his intestate from William A. Barden, to the premises, dated 11th December, 1868, recorded 27th March, 1872, and also a deed from John C. Reese, trustee, to William A. Barden, dated 29th January, 1868, recorded 24th August, 1868.

Defendants showed a deed from John C. Reese to Ragland, trustee, dated October, 1853, recorded 9th September, 1854, a deed from Ragland, trustee, to Daniel Grant, dated 10th March, 1863, recorded 17th March, 1863, a deed from R. A. Hardaway, executor of Mrs. Hardaway (formerly Mrs. D. Grant) to P. E. Hunt, defendant. It was admitted that Hardaway was executor of Mrs. Hardaway (formerly Mrs. Daniel Grant) and that the sale was authorized under the will and under order of the ordinary. It also was admitted that Pond was administrator of McCook *de bonis non,* and Mrs. McCook had previously been administratrix. It appears from the evidence that plaintiff claims title from John C. Reese, trustee, of date December, 1868. Defendant claims title from John C. Reese, of date October, 1853.

Defendants below showed the oldest paper title, but plaintiffs below claimed a prescriptive title of more than seven years by adverse possession, under written evidence of title. Under the evidence and charge of the court, the jury returned a verdict in favor of plaintiff for the premises in dispute and fifty dollars *mesne* profits. Defendants below made a motion for a new trial on various

grounds, which was overruled by the court, and error was assigned thereon.

(1.) The first ground of. alleged error was allowing the witness, Pond, to testify "I consider the rent of the land worth fifty dollars, the storehouse adjoining formerly rented for ten dollars, and I now only get six."

(2.) The second ground embraces substantially · the same testimony, admitted over objection.

· (3.) Because the court refused to allow defendants to prove by the witnesses, Pond, Hunt and Hardaway, the value of the land sued for, in order that the jury might consider the value of the land in estimating the value of the rent.

(4.) The court refused to allow defendants to prove the value of the fencing placed on the land in controversy by him since his possession.

(5.) Because the court erred in refusing to charge, as re-- quested by defendants in writing, "That if Reese, conveyed the title to Ragland, trustee, in 1853, and afterwards, in 1868, he sold and conveyed to Barden, then the title of defendants is the better one and should prevail, for Reese made no title to plaintiff, unless he made it to appear that the plaintiff's title developed into a prescriptive title." The court gave this charge after striking out the words "for Reese had no title when he made title to plaintiff."

(6.) Because the court refused to charge as requested by defendants in writing: "If the defendants occupied a tract of land adjacent, and the land .in controversy is included in deed of defendants to the land they occupy, then the possession of part of the tract, in law extended to the boundaries of the tract or lot."

· (7.) Because the court refused to charge : "If defendants or any one under whom they claimed while in possession of adjacent lot kept a gate or gates over and through the land in controversy, and which was used as a passway, then the possession of plaintiffs, if they had any, would not be adverse, and the legal title must prevail."

(8.) Because the court refused to charge that if at the time McCook bought the land, the deed from Reese to Ra⸝land was on record, and there was an alley on the land, attached to defendants' property and in use, this put McCook upon actual notice, and the title by prescription cannot arise.

(9.) Because the verdict is contrary to law and evidence, and without evidence to sustain it.

1. We find no error in admitting the testimony objected. to and assigned as such in the first and second grounds of the motion. It was certainly competent to prove the value of the premises for rent; and because the witness gave his reasons for his opinion of its value it was not error. The premises in dispute were adjacent to and of use to the store-room, and its depreciation in value for rent since defendants had fenced up the disputed land, was one mode of arriving at the value, for rent, of the premises sued for. It appears to have formed a part of the store-house lot, and as the loss of its use affected the rent of the store, we think its value for rent may be approximated in this way.

2. The third ground of error assigned is " that the court refused to allow the defendants to prove the value of the land, that the jury might consider it in estimating the value of the rent." We are aware this rule of proving the value of the premises in order to estimate the value of the rent has been recognized impliedly by this court. 42 *Ga.*, 403. But under the peculiar facts of this case, we can scarcely regard the intrinsic value of this slip of land, 47 by 10 feet, as a proper criterion to estimate its rental value. Its intrinsic value was nominal, yet its value as a convenience to the adjacent store and dwelling that bounded it on either side—to both of which it furnished convenience, privilege and water from the well on it—was difficult to estimate. Its loss (by being enclosed), under the evidence, had seriously affected the rental of the store. Its invasion and enclosure by the defendant was a trespass,

and being so, its value was not material, nor could it be reasonably estimated for the purpose of estimating its rental value. To value it cut off and disconnected from the premises, would not be just to plaintiff, and yet this is what he sought to prove when he sought to show its intrinsic value.

. 3. The evidence offered and rejected to prove the value of the fencing, and which is made a ground of error, was not competent under section 2906 of the Code. These improvements were not made by one *bona fide* in posses-sion, as the law provides. The entering on these premises under the circumstances, by defendant, was a trespass, and the improvements made were to dispossess plaintiff of the use of property he had had actual possession of for a series of years. The fence was constructed as an obstruction, not as an improvement. Trespassers are not entitled to the benefit of improvements. 42 *Ga.*, 403 ; 47 *Ib.*, 540. Neither could these improvements be set off against *mesne* profits except when the value of the premises for rent has been increased by the improvements. Code, §3468 ; 9 *Ga.*, 440 ; 39 *Ib.*, 328.

4. When plaintiffs in error do not furnish in the record the entire charge, the presumption is that the court charged correctly—56 *Ga.*, 457 ; and where no exception is taken to the charge, the presumption follows that the jury were correctly instructed. 57 *Ga.*, 92 ; 58 *Ib.*, 420 ; 54 *Ib.*, 45.

5. The errors assigned on the refusal of the court to charge as requested, set forth in the fifth, sixth and seventh grounds of the motion, are not, in our opinion, well founded under the law and facts of the case, as not being either pertinent or applicable. 47 *Ga.*, 674 ; 55 *Ib.*, 212. Unless the request to charge is all legal and pertinent, the court is not bound to give any part. 57 *Ga.*, 539, 559. The refusal to charge as set forth in the eighth ground was not error, since there was no testimony to sustain it, so far as it appears from the record.

6. Was the verdict against law and evidence and with-out evidence to support it?

The prescriptive title of the plaintiff below seems to be well supported by the evidence. It shows that his intestate had, by himself and representative, been in actual adverse, peaceable and continuous possession under written evidence of title from December, 1868, till April, 1880—Code, §§2678, 2680, 2683; 32 *Ga.*, 657,—and his title would not be affected, under the evidence in this case, by record of former deed from the same feoffor of older date. 9 *Ga.*, 499; 42 *Ib.*, 292; 44 *Ib.*, 274; 55 *Ib.*, 212; 56 *Ib.*, 538; 63 *Ib.*, 325.

Considering the law and facts, we see no good reason to disturb the judgment of the court refusing a new trial.

Let the judgment below be affirmed.