### ARTOPE v. MACON & BIRMINGHAM RAILWAY CO.

1. A statement of fact made by a justice of the peace in his answer to a writ of certiorari will be taken as true, until traversed.
2. Where an answer to the writ of certiorari affirmatively shows that a case was continued from a regular term to a day agreed upon by the parties, and on the latter day a judgment was rendered against the defendant, the judgment is not void because of the time at which it was rendered.
3. If the court trying the case has jurisdiction, an irregularity in the summons or the bill of particulars attached thereto, ·which is not excepted to by the defendant, is waived by him and cured by a judgment rendered on the merits of the case. Being a valid judgment against the defendant, it is a sufficient basis for the institution of proceedings in garnishment.

Argued March 5, — Decided April 4, 1900.

Certiorari.   Before Judge Felton.   Bibb superior court. November term, 1898.

*M. G. Bayne,* for plaintiff.
*Anderson, Anderson & Grace,* for defendant.

LITTLE, J.   The Macon and Birmingham Railway Company presented a petition to the superior court of Bibb county, praying for the writ of certiorari.   It appears that Artope, agent, brought suit in a justice's court against McLaughlin, to recover on an account.   Attached to the summons was a bill of particu-

lars, headed: "C. J. McLaughlin, Dr. To Louis Vannucci," which set out certain items. McLaughlin was duly served, and judgment was rendered for the plaintiff. Subsequently, a garnishment based on this judgment was sued out against the railway company, and, it having failed to answer, a judgment was rendered against it as garnishee, in favor of Artope, agent. The writ of certiorari was sued out for the purpose of having the judgment against the garnishee declared illegal. On the hearing, the judge of the superior court ruled that there was no question of fact involved, and rendered a judgment sustaining the writ of certiorari and finally disposing of the case in favor of the plaintiff therein; to which Artope excepted. The petition for certiorari avers, that at the time the judgment was rendered against petitioner as garnishee it was not indebted to McLaughlin in any sum; and that the judgment rendered against McLaughlin was illegal and void at the time of its rendition, because it was an attempt on the part of Artope, as agent for Vannucci, to recover in his own name on a cause of action in favor of his principal, and, further, because the judgment against McLaughlin was rendered on a day other than the regular court day for holding the justice's court. In answering the writ of certiorari, the justice of the peace says that the judgment rendered against McLaughlin was rendered on a day other than at the regular monthly court day, but that the case was set at the instance of defendant or at his attorney's request, and that the defendant was present, represented by his attorney, and that by consent between them the judgment was rendered against McLaughlin. It is objected that the justice of the peace who answered the writ of certiorari and who rendered the judgment against the garnishee could not know this statement to be a fact, because the judgment against McLaughlin was rendered by his predecessor. However this may be, the answer is a specific reply to this ground which is alleged to be one of the causes of the illegality of the judgment. If it be true that the case was set for trial by the consent of McLaughlin, or his attorney, then the judgment would be legal so far as concerns the time of its rendition. Code, § 4101. If the statement was not true, then the answer should have been traversed and the truth made to ap-

pear. The statement of facts made by a justice of the peace in his answer to a writ of certiorari must be taken as true, unless excepted to or traversed. Necessarily so, because the facts are to be determined finally by the answer.

Another ground of alleged illegality to the judgment rendered against McLaughlin is, that the pleadings show that the suit was founded on an indebtedness to one Vannucci, and there was nothing upon which to base or render a judgment in favor of Artope against McLaughlin. If McLaughlin had interposed an objection to the rendition of this judgment, it would have been good under the pleadings as they then stood. They were, however, subject to amendment. The summons set out that McLaughlin was indebted to Artope, agent. There is nothing in the summons, nor in the bill of particulars attached, which showed for whom he was purporting to act as agent, nor any words which indicated an agency. The rule is well established, that the word agent affixed to the name is not sufficient to change the character of the suit from being an individual proceeding; the word standing alone is superfluous and means nothing. So treating the summons, it appears to be an individual suit of Artope against McLaughlin. The bill of particulars attached apparently sets out an indebtedness by McLaughlin to Vannucci. This, of course, was irregular, but certainly not enough to make the judgment rendered void. The irregularity could be cured by amendment; but as no complaint was made by McLaughlin before judgment, he could not thereafter be heard against it because of this irregularity. An irregularity in the pleadings does not make the judgment void. *Stanford & Golden* v. *Bradford,* 45 *Ga.* 97; 2 Freeman on Judgments, § 487. If the judgment was good against McLaughlin, it was certainly sufficient to establish his indebtedness to the plaintiff, and that was all that was necessary to serve as a basis for the garnishment proceedings. As in our opinion the proceedings against McLaughlin, taken altogether, while irregular, were not such as to render the judgment void, it must follow that the judgment rendered against the garnishee should have been allowed to stand under the allegations made in the petition, and

that the court erred in sustaining the writ of certiorari and rendering a final judgment in favor of the petitioner.

*Judgment reversed. All the Justices concurring.*