### 10472. HUMPHREY *v.* THE STATE.

1. The usual general certificate of the trial judge, approving as true all statements of fact contained in a special ground of a motion for a new trial, will be construed by this court as approving as true only such statements in the ground as are purely statements of fact, and not as

so approving other allegations therein, which, although stated as facts, should properly be construed as mere conclusions of the movant, based upon facts set forth in the ground.

2. The evidence submitted in support of the ground based upon the alleged fact that one of the jurors was related within the prohibited degree to the prosecutor in the case was met by a counter-showing which authorized the judge, as the trior of this issue of fact, to find that the alleged relationship had not been proved to his satisfaction. Accordingly this court can not hold that he erred in overruling this ground of the motion for a new trial.

3. The verdict was authorized by the evidence, and the court did not err in refusing to grant a new trial.

DECIDED JUNE 13, 1919. REHEARING DENIED JUNE 27, 1919.

Indictment for possession of liquor; from Warren superior court —Judge Walker. March 10, 1919.

Application for certiorari was denied by the Supreme Court in this case.

*L. D. McGregor*, for plaintiff in error.

*R. C. Norman*, solicitor-general, *M. L. Felts*, contra.

BROYLES, P. J. The first headnote alone needs elaboration. The amendment to the motion for a new trial in this case was based solely upon the alleged ground that one of the jurors was related within the prohibited degree to the prosecutor in the case. The amendment (leaving out the formal parts) was as follows:

"(1) That when the solicitor-general called the above stated case for trial, his honor B. F. Walker, the judge presiding during the trial of said case, requested all jurors that were related by blood or marriage to W. O. Brinkley, the prosecutor in said case, to please let that fact be known to the court, so that [a qualified and competent jury could be secured to try the case] a qualified as a competent juror to try said case.

"(2) That the said A. M. Reese was chosen and sworn as a member of said jury which rendered a verdict of guilty on both counts in the indictment against this movant in the above stated case, and participated as a member of said jury in finding the verdict of guilty against this movant and in returning said verdict of guilty in said case into court and publishing said verdict of guilty in said case against this movant.

"(3) That L. D. McGregor was the only and sole counsel representing the movant in the above-stated case.

"(4) That this movant, neither his counsel, had no knowledge or notice of any kind or character of any kinship or relation existing between A. M. Reese, the said juror in the trial of the above

stated case, and W. O. Brinkley, the prosecutor of this movant in the above stated case, before the trial of said case or during the trial of said [case]. That this movant, neither his counsel, had no knowledge or notice of any kinship or relation existing between A. M. Reese, juror in said case, and the said W. O. Brinkley, prosecutor in said case, until some days after the trial of said case and until some days after the publishing of said verdict of guilty against this movant in the above-stated case.

" (5) That the said A. M. Reese was disqualified to serve as a juror in said above-stated case because of his relationship by blood to the said W. O. Brinkley, the prosecutor in said case, which relation was unknown to the movant or his counsel until some days after the movant had been found guilty and the verdict of guilty had been published by the jury in said case; that the said A. M. Reese, one of the jurors in said above-stated case, was related by blood to W. O. Brinkley, the prosecutor in the above-stated case, within the prohibited degrees, in the following manner, to wit: that —— Gardner, was the father of Sterling Gardner and Prior Gardner; that the said Sterling Gardner and the said Prior Gardner were full brothers by blood; that the said Sterling Gardner was the father of Mrs. Mary Rose Gibson (née Miss Mary Rose Gardner) ; that Mrs. Mary Rose Gibson (née Mary Rose Gardner) was the mother of Mrs. Sarah Brinkley (née Sarah Gibson) ; that Mrs. Sarah Brinkley (née Sarah Gibson) was the mother of W. O. Brinkley, the prosecutor of this movant in the above-stated case; that the said Prior Gardner (who was the full brother of the said Sterling Gardner) was the father of Mrs. Fannie Culpepper (née Fannie Gardner) ; that Mrs. Fannie Culpepper (née Fannie Gardner) was the mother of Mrs. Drucilla Chapman (née Drucilla Culpepper) ; that Mrs. Drucilla Chapman (née Drucilla Culpepper) was the mother of Mrs. Sis Reese (née Sis Chapman), and that Mrs. Sis Reese (née Sis Chapman) was the mother of A. M. Reese, the juror in the above-stated case, who participated in the rendition of the verdict of guilty against this movant; that the said A. M. Reese, the juror in the above stated case, and W. O. Brinkley, the prosecutor in the above stated case, were related by blood under the civil law within the ninth degree, and by the canon law within the fifth degree.

"The following diagram shows the relationship of A. M. Reese,

the said juror, and W. O. Brinkley, the said prosecutor; the Roman numerals indicate the relationship by the canon law and the Arabic figures indicate the relationship by the civil law, to wit:

Common ancestor —— Gardner.

Sterling Gardner. 0 4     5 0  (I) Prior Gardner.

Mrs. Mary Rose Gibson 0 3     6 0 (II) Mrs. Fannie Culpepper
(née Mary Rose Gardner)                (née Fannie Gardner)
Daughter.                                Daughter.

                                     (III)
Mrs. Sarah Brinkley 0 2     7 0  Mrs. Drucilla Chapman
(née Sarah Gibson)                (née Drucilla Culpepper)
Daughter.                              Daughter.

                                     (IV)
W. O. Brinkley 0 1     8 0       Mrs. Sis Reese
Prosecutor, Son.                  (née Sis Chapman)
                                     Daughter.

                         9 0 (V)  A. M. Reese, juror,
                                        Son.

Wherefore," etc.

The trial judge certified that "The recital of facts contained in the foregoing motion for a new trial  .  .  are hereby approved as true and correct." It is contended by counsel for the plaintiff in error that this certification of the judge conclusively established the truth of the allegations in the ground that the juror was related within the prohibited degree to the prosecutor, and accordingly disqualified. We can not take this view of the case, especially as the judge overruled this ground of the motion for a new trial. We think the only reasonable construction of the judge's certification is, that he approved as true merely all of the many statements in the ground which were purely statements of fact, and that he did not intend to approve as true, and did not so approve, the allegations that the juror was related within the prohibited degree to the prosecutor, and was (for that reason) disqualified to act as a juror in the case. Such allegations, in the light of all the facts stated in the ground, should properly be considered as mere conclusions of the movant, based upon the evidence set forth in the ground, and not as statements of fact per se. · Whether the alleged relationship

did exist, and whether the juror was thereby disqualified, were the very questions which the judge was called upón to determine from the evidence set forth in this ground of the motion. It is clear from a reading of this lengthy ground (which contained many statements purely of fact), and in the light of the judge's over-ruling it, that he did not intend to approve as true the allegations therein that the juror was so related, and thereby disqualified to act as a juror in the case. This ruling is not in conflict with the decision in *Harris* v. *State,* 10 *Ga. App.* 70 (72 S. E. 516).

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*