### 12439.   REWIS *v*. THE STATE.

1. A bill of exceptions to a ruling on March 17 was certified within twenty days, where the date of the certificate was April 6.

2. The judge's certificate to grounds of a motion for new trial approves as true recitals of fact; not allegations which, though stated as facts, are properly to be treated as conclusions from facts appearing in the record.

3. Every material allegation of the indictment being supported by evidence, and no error of law appearing, the refusal of a new trial was not error.

DECIDED JUNE 30, 1921.

Indictment for incestuous adultery; from Tattnall superior court — Judge Sheppard.  March 17, 1921.

*Elders & DeLoach,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

BLOODWORTH, J.  1.  A motion was made to dismiss the writ of error on the ground that the judge "signed the certificate too late, more than twenty days after the rendition of his judgment overruling the motion for a new trial."  This motion is overruled. The record shows that the motion for a new trial was overruled on March 17th.  The certificate to the bill of exceptions bears date April 6th.  This is "within twenty days from the rendition of the decision." Civil Code (1910), § 6153.

2.  Counsel for the plaintiff in error insist that because the trial judge certified as true the special ground of the motion for a new trial in which it was stated that there was no proof as to the venue of certain acts of incestuous adultery, and that where the venue was proved there was no proof that the woman with whom the accused, a married man, is alleged to have had sexual intercourse, was a single woman, and that this certificate was final as to the statements therein.  This is true as to facts, but not as to conclusions.  In *Humphrey* v. *State, 24 Ga. App.* 22 (99 S. E. 714), it was held: "The usual general certificate of the trial judge, approving as true all statements of fact contained in a special ground of a motion for a new trial, will be construed by this court as approving as true only such statements in the ground as are purely statements of fact, and not as so approving other allegations therein, which, although stated as facts, should properly be construed as mere conclusions of the movant, based upon facts set forth in the ground."

3.  There was ample evidence to support every material allegation in the indictment, including the allegation that the crime was committed in Tattnall county, and that the woman in question had never been married.  Indeed, the accused in his statement, after telling of the marriage of his other stepdaughters and their leaving home, and that Maybelle, the one involved in this case, remained at home, added, "She is still single."  The jury having passed upon all these questions of fact, no error of law having been committed, and the trial judge having approved the verdict, the judgment is *Affirmed.  Broyles, C. J., and Luke, J., concur.*