21093. DODGEN *v.* DeBORDE.

DECIDED APRIL 1, 1931.

*Carmain & Fielding,* for plaintiff in error.
*Poole & Fraser,* contra.

LUKE, J. Ethel DeBorde, by next friend, brought suit against W. A. Dodgen in the city court of Atlanta for damages for alleged personal injuries sustained as the result of negligence in the operation of an automobile. A general demurrer to her petition was overruled; and error is assigned upon the ruling of the court in this behalf. The only allegation in the petition in any way purporting to connect the defendant with the alleged grievance is a portion of one paragraph, in the following language: "that . . she was run into by an automobile belonging to the said W. A. Dodgen, and that said automobile was then being operated by Mrs. W. A. Dodgen, the wife of the said W. A. Dodgen." It is urged that this allegation is not sufficient to show any legal liability upon the defendant.

In *Curtis* v. *Ashworth,* 165 *Ga.* 782, 793 (142 S. E. 111, 59 A. L. R. 1457), the Supreme Court said: "We are of the opinion that the husband, under our statutes which have changed the status of married women, is no longer liable for the independent torts of

the wife not committed by his command or with his consent, and in which he did not in any way participate." In this connection see *Miller* v. *Straus*, 38 *Ga. App.* 781 (145 S. E. 501), *Farrar* v. *Farrar*, 41 *Ga. App.* 120, 121 (152 S. E. 278). If there be any contrary holding in *Griffin* v. *Miller*, 29 *Ga. App.* 585 (116 S. E. 339), that ruling must give way to the decision of the Supreme Court in the *Curtis* case, supra. In conformity with the foregoing decisions, we are constrained to hold that the trial judge erred in overruling the general demurrer to the petition.

*Judgment reversed.* *Broyles, C. J., and Bloodworth, J., concur.*