23278.   KING *v.* WALSH *et al.*

STEPHENS, J.   1. It is only the recitals of fact and the historical happenings upon which an assignment of error is based, and not the conclusions either of law or fact recited in connection with the assignments of error and which are alleged as grounds of error, that require approval or verification. The so-called "general grounds" of error require no approval or verification. *Harris* v. *State,* 120 *Ga.* 196 (47 S. E. 573); *Courson* v. *Pearson,* 132 *Ga.* 698 (64 S. E. 997); *Hopkins* v. *Jackson,* 147 *Ga.* 821 (95 S. E. 675); *Bacon* v. *Howard,* 19 *Ga. App.* 660 (91 S. E. 1066); *Humphrey* v. *State,* 24 *Ga. App.* 22 (99 S. E. 714); *Rewis* v. *State,* 27 *Ga. App.* 258 (108 S. E. 62). Where the only assignments of error in a petition for certiorari are the general grounds that the judgment complained of is contrary to law and the evidence, and that upon certain alleged grounds the court had no jurisdiction to render the judgment, the answer to the petition by the judge whose decision is complained of, which recites that "the petition for certiorari sets forth substantially the proceedings had on the trial of this case . . and is, with the exception of the assignments of error, which are not adopted but are certified as a part of the record in the case, adopted as respondent's answer to the certiorari," is an approval or a verification of all the allegations of fact contained in the petition. The answer is not subject to the objection that it is not an affirmative verification of the petition nor a certification of the truth of the assignments of error, but is evasive, ambiguous, uncertain and meaningless. *Cooper* v. *Meaders,* 47 *Ga. App.* 89 (169 S. E. 685).

2. An order staying a suit against a defendant who has been adjudicated

a bankrupt, pending his application for a discharge, where no issue was made as to whether the debt was a dischargeable debt, is not an adjudication that the indebtedness sued on is one dischargeable in bankruptcy. See In re Lockwood, 240 Fed. 161; 1 Collier on Bankruptcy, 400, 401.

3. Wages due to a person as an actor in a show, which were earned within three months before the date of commencement of proceedings in bankruptcy by the debtor, are exempt from discharge in bankruptcy, under the provisions of section 17 (5) of the bankruptcy act of 1898 as amended, which provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as [among others] are for wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of commencement of the proceedings in bankruptcy." The wages are due to "servants" within the meaning of this provision of the act. See In re Caldwell, 164 Fed. 515, where it was held by the United States district judge of the eastern district of Arkansas that musicians employed in a theatre are "servants," within the meaning of this provision of the bankruptcy act.

4. The verdict and judgment for the plaintiff were authorized, and the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 23, 1934.

*John J. McCreary,* for plaintiff in error. *J. P. Burnett,* contra.