## 24426. McCRANIE v. THE STATE.

DECIDED APRIL 26, 1935.

*W. H. Lasseter,* for plaintiff in error.

*Allan C. Garden, solicitor-general,* contra.

MacIntyre, J. The indictment in this case charges that on May 12, 1934, in Ben Hill county, John McCranie committed "the offense of a felony," in that the said McCranie, "after having been intrusted by S. P. Murray with 480-3/4 pounds of hens, 64 pounds of roosters, 69 pounds of sidemeat, 180 dozen eggs, 15 gallons of syrup, 16-1/4 pounds of hams, 17-1/2 lbs. of turkey, of the value of . . $139.44 . . , for the purpose of selling the same and paying the proceeds of such sale to S. P. Murray and S. B. Tomberlin, the owners of said property, did fraudulently convert the same to his own use and did dispose of said property to the injury and without the consent of the said S. P. Murray and S. B. Tomberlin, and without paying to said owners the full value and market price thereof; the said John McCranie only paying to said owners the sum of $52.10, to the loss and injury of said owners in the sum of $87.34. . ." The question for determination is whether or not the court erred in overruling McCranie's motion for a new trial as amended.

The first ground of the amendment to the motion for a new trial complains that the venue was not proved, for the reason that the evidence fails to show that any offense was committed in Ben Hill county, Georgia. It unequivocally appears from the evidence

that the articles referred to in the indictment were delivered to the defendant in Ben Hill county, Georgia, to be sold in the State of Florida, and that they were intrusted to him on consignment upon condition that he was to return to the bailors either the money for which the property was sold or the property itself. It is also true that the only reasonable deduction from the evidence is that the money or the property was to be returned to the bailors in Ben Hill county, Georgia. In these circumstances, we hold that, under the ruling in *Maynard* v. *State,* 47 *Ga. App.* 221 (170 S. E. 265), and the authorities there cited, the venue was sufficiently proved.

The second ground is in this language: "Movant amends further upon the ground that two counts are charged, or rather there are two offenses charged in one count in the indictment. The indictment charges the offense under section 192 of the Penal Code, and follows with another charge under section 194." No appropriate and timely attack was made upon the indictment, and, even if there had been, "rulings upon the sufficiency of pleadings are not proper subject-matter for a motion for a new trial." *Coulson* v. *State,* 13 *Ga. App.* 148 (2) (78 S. E. 1108); *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (2) (77 S. E. 623), and cit.; *Watkins* v. *Mims,* 35 *Ga. App.* 170 (132 S. E. 241). The ground presents nothing for this court to consider, and the trial judge properly overruled it.

The third ground is as follows: "Movant further contends . . that the charge of the court is upon section 192 of the Penal Code, and the evidence in the case discloses that the goods intrusted to defendant were not used for his benefit, but were sold by him under the bailment as entered into, and were not converted to his own use as charged in the indictment." This appears to be an amplification of the general grounds to the effect that the proof does not correspond to the charge. The general grounds will be considered later.

The fourth ground is: "Movant amends further upon the ground that the indictment charges that the defendant disposed of the goods intrusted to him without the consent of the prosecutor, but the evidence is that the bailment was entered into for the purpose of sale, and therefore the proper charge against the defendant, according to the evidence in the case, would be "disposing of the proceeds of the sale and the failure to turn over and pay to

the prosecutor the proceeds of the sale." This ground is obviously too incomplete to raise any question as to the charge of the court, or any other question.

The last ground is in this language: "Movant amends further upon the ground that the charge of the court is not properly adjusted to the evidence in the case, for the reason that section 192 of the Penal Code, and the only section of the Code read to the jury, is not applicable to the evidence in the case, for the reason that the proof shows that the contract of bailment was for the purpose of sale, and that the goods were sold, or at least all of the goods were sold except those returned to the prosecutor." This ground entirely fails to comply with the requirement that a ground of a motion for a new trial must be complete and understandable within itself, without reference to any part of the record. The charge given is not set out in the ground; it does not appear whether or not the court corrected his alleged error; no evidence is set out in the ground; and, besides, the entire ground is in the nature of a contention of the movant, and it is well known that the usual certificate of a trial judge approves as true only such statements in the ground as are purely statements of fact. *Humphrey* v. *State,* 24 *Ga. App.* 22 (99 S. E. 714); *Rewis* v. *State,* 27 *Ga. App.* 258 (108 S. E. 62). The ground is not in proper form for consideration.

S. P. Murray testified in part: "I live in Fitzgerald, am in business, a partnership with S. B. Tumberlin. I know Mr. Mc-Cranie, . . saw him on about the 12th day of May, 1934, in Fitzgerald, Ben Hill county, Georgia. On that date he got from me [naming over the articles mentioned in the indictment], of the value of $139.44, the property of S. P. Murray and S. B. Tomberlin, to carry to Florida to sell for me. I did not sell it to him; let him have it on consignment. . . He was to sell it and bring the property or the money back to me and Mr. Tomberlin. . . He brought me $50 on the 18th day of May. He brought back a few eggs, and I told Mr. Pritchard to take them back to his place and keep them until John came in and straightened up. I didn't give him credit for them. Mr. McCranie didn't return anything else, and didn't pay me any more money. His failure to return the property or the money caused a loss to me and Mr. Tomberlin. . . He left for Florida on the 12th of May, Saturday night, at

about eleven or twelve o'clock. He came back Thursday. He said when he came back he was sick. I don't know whether or not he took one dime of the money he got for the goods, but . . he ought to have brought the money or the goods back." E. E. Pritchard, sworn for the defendant, testified in substance that Mr. Murray refused to take back the eggs referred to by him, and that they decayed—that "there were three cases of eggs and about forty-five eggs, . . about twelve dozen to the crate." Walker Bell, sworn for the defendant, testified in part: "Went with McCranie to Florida working for him. . . Brought some eggs and meat, and that was all we brought back of the stuff we carried. There were three crates and forty-five eggs, ten dozen to the crate, I reckon. Brought back 18 pounds of meat, 2 shoulders and one ham. Mr. McCranie sold the rest of the stuff in Florida. . . I was with him all the time. . . When we came back to Fitzgerald, carried the eggs and meat to Mr. Murray's store, and he told me to keep it until next week when McCranie came and straightened up. . . I guess McCranie sold all the goods except what he brought back. . . Don't know to whom McCranie sold the stuff; I didn't get any of the money. . . I didn't sell it; was there when McCranie disposed of it." Henry Davis, sworn for the defendant, testified in part: "We brought three boxes of eggs that Mr. Murray wouldn't take." S. P. Murray, recalled by the State, testified in part: "The list exhibited to me shows the value of . . all the property I delivered to McCranie. I didn't give McCranie permission to use the money. He was to bring me the exact amount as shown on the memorandum."

The "memorandum" referred to by the witness Murray was introduced in evidence. It was dated "5-12-34," and was headed: "Mr. John McCranie, on consignment, to be sold for Murray and Tomberlin and return the goods or money." In it the articles described in the indictment were valued as follows: hens, $88.49; roosters, $4.48; meat, $6.90; eggs, $28.80; syrup, $5.25; hams, $1.97; turkey, $2.30.

Tom Smith, sworn for the State, testified in part: "I work for Murray and Tomberlin. Was there May 12th, when McCranie got the goods in question. Murray told him he had been bit enough, and McCranie was to bring him the money or the stuff. Murray didn't give McCranie any authority to use the money.

McCranie was to bring back the goods or the money. . . He gave me $2.75—took it to Mr. Murray."

After stating in substance that he "got the stuff as Mr. Murray tells you," and that he paid Murray $55, the defendant stated to the jury in part: "We sold a little stuff at Augustine, and before I got to Daytona I was bad off and had to have a doctor. . . I sold what little stuff was sold at Augustine. When he left me there at my uncle's, I gave him my pocket-book and the money I got at Augustine. Mr. Murray had given me permission to use that money coming back, so we got some oranges and grapefruit and fish. When I got back here I was sick. . . I was in bed, and got my son-in-law to take what money I had and the load of stuff and bring it to Mr. Murray, for him to get what he wanted of it. That is all I know. I was in bed a week. The only other money I got hold of was what I sold to Mr. K. K. Gibson. I sold him $3.85 worth of stuff. . . I sent it direct to Mr. Murray. I didn't keep it in the house ten minutes. That was the only money I had."

We are satisfied that the indictment was drawn under section 194 of the Penal Code (1910) (Code of 1933, § 26-2811), and that no demand for the money or the property was necessary. We are also satisfied that the jury was warranted in concluding, from the evidence in the case and the defendant's statement, that the defendant converted some of the property intrusted to him to his own use, "to the injury and without the consent of the said S. P. Murray and S. B. Tomberlin, and without paying to said owners the full value and market price thereof." We therefore hold that the evidence supports the allegations of the indictment, and that the trial judge did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*