35839. ERNEST L. MILLER COMPANY *v.* GAUNTT.

DECIDED JANUARY 5, 1956.

*Walter E. Baker, Jr.,* for plaintiff in error.

*C. B. Rogers,* contra.

NICHOLS, J. ■ The allegations of the cross-action were to the effect that the agent of the plaintiff in the main action was driving in the left lane of the traffic lanes on the right side of the road and that the plaintiff's agent made a right turn from such lane and drove the plaintiff's automobile into and against the automobile being driven by the defendant, damaging it in the amount sued for in the cross-action. Specific acts of negligence were charged to the plaintiff's agent, and it was further alleged that the defendant's mother owned the automobile being driven by the defendant at the time of the collision and that she had assigned her cause of action for such damages to the defendant. Attached as an exhibit to the cross-action and made a part of the defendant's pleadings was an assignment of the claim by the defendant's mother to the defendant.

A cause of action for a tort to property is assignable. Code § 85-1805; *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533). The cross-action set forth a cause of action against the plaintiff and the trial court did not err in overruling the plaintiff's general demurrer thereto. '

■ The one special ground of the amended motion for new trial is based on the contention that the trial court erred in failing to charge Section 58 (b) of the "Uniform Act Regulating Traffic on Highways" (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 583; Code, Ann. Supp., § 68-1636 (b)). The plaintiff in the present case argues that it orally requested the court to charge the provisions of the 1953 act, supra, after the court had concluded its charge, but before the jury retired. However, the assignment of error is not that the trial court refused to charge as requested by the plaintiff, but that it was reversible error not to so charge even without a request. The complete charge was not made a part of the record.

Code § 70-304 concerning "Exceptions to omissions to charge jury," provides in part: "If no approved charge has been filed, a general approval by the judge of the motion for new trial shall be taken as a complete verification of such ground of the motion."

This Code section does not mean that approval by the trial judge shall be conclusive that the trial court erred as alleged in the special ground of the motion for new trial, because, as stated in *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 712 (145 S. E. 486), "The usual certificate of a trial judge approving as true all statements of fact contained in a special ground of a motion for a new trial will be construed by this court [the Court of Appeals] as approving as true only such statements in the ground as are purely statements of fact, and not as approving other allegations therein, which, although stated as facts, should properly be construed as mere conclusions of the movant based upon facts set forth in the ground." Citing *Humphrey* v. *State*, 24 *Ga. App.* 22 (99 S. E. 714); *Rewis* v. *State*, 27 *Ga. App.* 258 (108 S. E. 62). See also *Clifton* v. *State*, 187 *Ga.* 502, 508 (2 S. E. 2d 102). The present case is even stronger than the general rule quoted above, because the order of the trial judge approving the special ground of the motion for new trial expressly limited his approval to the facts set forth and especially exempted the *contentions* of the plaintiff from being approved.

Therefore, in the present case, the approval of the special ground of the motion for new trial does not mean that the provisions of subsection (b) of the Act of 1953, supra, applicable to the case, were not covered by the general charge to the jury, but only means that the trial court did not charge this subsection at the conclusion of its charge, before the jury retired, in accordance with the oral request of the plaintiff.

The complete charge is not in the record, and it must be presumed that the court charged correctly the general rules of law applicable to the issues, since the contrary is not manifestly shown. *Woolfolk* v. *Macon & Augusta R. Co.*, 56 *Ga.* 458; *Hunt* v. *Pond*, 67 *Ga.* 578; *Russell* v. *State*, 83 *Ga. App.* 841, 846 (65 S. E. 2d 264). If any amplification of the general principles of law, which the charge is presumed to have contained, was desired, it should have been the subject of a timely written request. Code § 81-1101; *Consolidated Phosphate Co.* v. *B. F. Sturtevant Company*, 20 *Ga. App.* 474, 478 (93 S. E. 155), and cases cited.

■ In support of its general grounds of the motion for new trial the plaintiff contends that the verdict was contrary to the evidence and without evidence to support it. There was evidence

that the plaintiff's automobile was approximately nine feet from the right curb, and when the defendant, who was driving in the lane next to the right curb, attempted to pass the plaintiff's automobile, the driver of the plaintiff's automobile made a right turn and ran into and damaged the automobile being driven by the defendant. There was also evidence that the defendant's mother had assigned the right of action to the defendant, as well as evidence as to the amount of damage done to the automobile being driven by the defendant. Therefore, the verdict was supported by some evidence, and where there is any evidence to support the verdict of a jury this court will not disturb it.

Accordingly, the trial court did not err in overruling the plaintiff's motion for new trial as amended.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*