## 37785. SHELTON v. DOSTER.

Townsend, Judge. 1. "A statement of fact made by a justice of the peace in his answer to a writ of certiorari will be taken as true, until traversed." *Artope* v. *Macon &c. Ry. Co.,* 110 *Ga.* 346 (1) (35 S. E. 657). In this action for property damage resulting from an automobile collision brought in the justice court for the 216th militia district of Clarke County, on appeal to a jury, a verdict was rendered for the plaintiff and the defendant brought certiorari to the Superior Court of Clarke County. The answer of the justice of the peace, denying the facts stated by the defendant in the first two of his assignments of error on the erroneous admission of evidence, is untraversed, and accordingly these assignments of error will not be considered.

2. As to the third assignment of error in the language of the general grounds of a motion for new trial, the justice replied that "the alleged error designated as no. 3 is beyond the control of your respondent and therefore requires no answer." This assignment of error accordingly presents the question of whether a verdict in favor of the plaintiff is contrary to law and without evidence to support it. *King* v. *Walsh,* 48 *Ga. App.* 741 (1) (173 S. E. 435).

3. Code § 105-108 provides as follows: "Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." "A husband, under the Civil Code § 4413 [§ 105-108] and existing statutes enlarging the rights and functions of married women, is not liable for an independent tort committed by the wife in the operation of an automobile not furnished by him to the wife, and not used in the husband's business, but operated without his consent, command or participation in any way." *Curtis* v. *Ashworth,* 165 *Ga.* 782 (142 S. E. 111, 59 A. L. R. 1457). See to the same effect *Dodgen* v. *DeBorde,* 43 *Ga. App.* 131 (158 S. E. 64).

4. Where, as here, the evidence on the trial revealed without dispute that the sole defendant, Freeman Shelton, was in Louisiana at the time of collision; that the plaintiff's injuries were caused by the defendant's wife when her automobile collided with that of the plaintiff on a public highway as a result of her negligence; that the automobile did not belong

to the defendant but did belong to his wife; that he had no interest in it or control over it; that she was driving on her own business and not on the business or for the benefit of her husband, and that the automobile was purchased by the wife with money which she had earned individually, there is no evidence which would support a verdict against the defendant. The marital relationship alone will not, in view of the modification of the common-law rule of liability in this State, support an action against a husband for the tort of his wife in the absence of facts showing an agency relationship. No such facts appearing here, it was error for the judge of the superior court to deny the certiorari.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JULY 14, 1959.

*Jake B. Joel,* for plaintiff in error.
*Raymond E. Lester,* contra.