## A92A0966. BARNES et al. v. COLLINS.
### (423 SE2d 308)

McMURRAY, Presiding Judge.

Jesse Collins, Jr. filed this action in the Magistrate Court of Bibb County against Carl Barnes and Lisa Barnes seeking to recover a fee for a survey of certain land. Collins' claim against Carl Barnes was predicated on a contract, while his claim against Lisa Barnes was predicated on a theory of quantum meruit. The Barneses filed separate counterclaims seeking awards of damages which exceeded the jurisdiction of the magistrate court. Upon the trial of the case, the magistrate court determined that the counterclaims were non-compulsory and transferred them to the Superior Court of Bibb County while retaining jurisdiction of Collins' claims and entering a judgment in favor of Collins on his claims.

In the superior court, Collins as defendant in counterclaim filed his defensive pleadings and answer. Collins also moved to dismiss the counterclaims for failure to state a claim upon which relief can be granted. An amendment to the counterclaims was filed alleging that Homer Stewart was the successor to claims by Carl Barnes and Lisa Barnes. Collins moved to dismiss the amendment to the counterclaims on the grounds that the assignment of the Barneses' claims was invalid. Before a ruling on Collins' motions, a second amendment to the counterclaims was filed which purported to strike the allegations of the first amendment to the counterclaims, incorporated the remaining previous counterclaims, and added several additional allegations of injury to the persons and property of Carl Barnes and Lisa Barnes, and to the person of their minor child. The second amendment to the counterclaims also alleged that the Barneses have assigned and transferred any causes of action, which may be transferred under the law, to Stewart and that the balance of said claims are retained by Carl Barnes and Lisa Barnes.

The superior court granted Collins' motion to dismiss for failure to state a claim upon which relief can be granted, holding that the counterclaims pled a personal injury action and as such were not transferable from one individual to another. Stewart, Carl Barnes, and Lisa Barnes appeal the superior court's dismissal of their claims against Collins. *Held*:

" ' "When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, 'the . . . rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.' (Cits.)" (Cit.)' *Storm Systems v. Kidd*, 157

Ga. App. 527, 528 (3) (278 SE2d 109) (1981); OCGA § 9-11-12 (b) (6)." *Morgan v. Ga. Vitrified Brick &c. Co.*, 196 Ga. App. 779, 780 (1) (397 SE2d 49).

Before applying this familiar black letter rule in the case sub judice some attention must be given to the unusual posture of the case. Neither Stewart nor the Barneses are represented by counsel. The first and second amendments to the counterclaims are signed only by Stewart. The record is not clear as to whether the pleadings signed only by Stewart are intended to speak for the Barneses. Nonetheless, under our view of the case it is not necessary to resolve this issue.

There is nothing in the record which suggests that Carl Barnes and Lisa Barnes have abandoned any claim. All claims raised by or on behalf of this couple were either retained by them or assigned to Stewart. Under the circumstances of the case sub judice, the question of in which plaintiff in counterclaim a specific claim is vested is not essential to a consideration of whether there was a claim upon which relief could be granted.

The original counterclaims of Carl Barnes and Lisa Barnes, as well as the amendments to the counterclaims signed by Stewart state several claims upon which relief may be granted. Carl Barnes alleged in part that Collins had caused him mental and physical damages as well as a loss of the companionship of his wife. Lisa Barnes' original counterclaim includes an allegation of trespass upon her property by Collins and his agents. She also alleges injuries to her minor child. Other claims are stated in the original counterclaims and in the amendments signed by Stewart although more particularly in many of the claims would be useful.

The superior court was correct in recognizing that a right of action for personal torts or for injuries arising from fraud may not be assigned. However, a right of action involving a property right is assignable, including a cause of action for a tort to property. OCGA § 44-12-24; *Ernest L. Miller Co. v. Gauntt*, 93 Ga. App. 178, 179 (1) (91 SE2d 104). Insofar as the superior court may have concluded that the claims of the plaintiffs in counterclaim were exclusively for personal injuries, it was incorrect. For example, in her original counterclaim Lisa Barnes alleged that Collins and his agents had trespassed on and to her property and interfered with her enjoyment of her real and personal property. This allegation clearly states a property injury claim upon which relief can be granted, and, thus, a claim which may be assigned.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 8, 1992.

Carl Barnes, *pro se.*
Lisa Barnes, *pro se.*
Homer Stewart, *pro se.*
Horace L. McSwain III, for appellees.