METHVIN S. THOMSON, plaintiff in error, *vs.* THE OCMULGEE BUILDING AND LOAN ASSOCIATION, defendant in error.

As the defendant was found to be indebted to the plaintiff a definite sum at the date of the agreement referred to in the decision, interest was properly allowed thereon.

Interest.    Before Judge HILL.    Bibb Superior Court. April Term, 1875.

Reported in the decision.

NISBET, BACON & HINES, by G. W. GUSTIN, for plaintiff in error.

LANIER & ANDERSON, for defendant.

WARNER, Chief Justice.

This case came before the court below on exceptions to the report of an auditor, which were referred to the decision of the court, both as to the law and the facts, under the evidence submitted, without the intervention of a jury. The auditor, in his report, found that Thomson was indebted to the association the sum of $1,634 65, with interest thereon from the 6th of December, 1873. The court, after considering the report made by the auditor, as well as the evidence on which the same was founded, confirmed the report; whereupon Thomson excepted.

The errors insisted on here are that the court held that the association had not finally suspended and quit business, under the agreement of the 6th of December 1873, as set forth in the record, as contemplated by the former decision of this court between the same parties, in the 52d *Georgia Reports,* 427 ; and in allowing interest on the amount found to be due from the date of that agreement. By the agreement of the members of the association, its operations were merely suspended until its mortgage securities, which were in the pro-

cess of collection, could be realized on, and in the meantime the further payment of the monthly dues of its members, as required by its charter and by-laws, was to be dispensed with and suspended until a reasonable time was had to collect said securities, but if said securities should not yield enough money to close up said association as contemplated by its charter, then the payment of said monthly dues was to be resumed at such time as the board of directors should determine, upon reasonable notice being given to said members. Thus it will be perceived that the aforesaid agreement did not, by the terms thereof, contemplate the final suspension and winding up of the business of the association. The object of the agreement was, to suspend until it could be ascertained what was the amount of the assets of the association which could be realized from those who had given mortgage securities to it, one of whom was the plaintiff in error. The auditor found from the evidence before him that the plaintiff in error was indebted to the association the sum of $1,634 65 at the date of the aforesaid agreement; in other words, that he owed the association that amount of money, and that being so, and having retained the money in his own hands, instead of paying it to the association, he was liable for the payment of interest thereon up to the date of the judgment. The court confirmed the auditor's report, and we find no error in its judgment in view of the evidence contained in the record.

Let the judgment of the court below be affirmed.