GAY, administrator, *et al. v.* GAY *et al.*

1. An exception of fact to an auditor's report, made in a statutory proceeding
for the settlement of executors' accounts, should not have been stricken for
insufficiency, when it specified as erroneous the finding of the auditor, in a
given paragraph of his report, that the executors were indebted to the estate
of their testator in a stated sum for rentals received by them for certain de-
scribed property for two designated years, and assigned as a reason why the
finding was erroneous that, under the testator's will, which was in evidence

before the auditor, such property was devised to a named legatee, and that if the executors collected any rent for the same they owed it to the legatee and not to the estate.

2. The other exceptions to the report in this case, even if sufficient as to form, are shown by the record to be wholly without merit, and the striking of them, being, therefore, not injurious to plaintiffs in error, is not cause for reversal.

Argued November 21, — Decided December 12, 1901.

Exceptions to auditor's report. Before Judge Hart. Laurens superior court. January 28, 1901.

*T. L. Griner* and *James K. Hines*, for plaintiffs. *Akerman & Akerman, W. M. Morrison,* and *E. B. Milner,* for defendants.

FISH, J. This was a citation for the settlement of executors' accounts before the ordinary, which was taken by appeal to the superior court, where an auditor was appointed, to whose report the executors filed certain exceptions of fact. Subsequently one of the executors died, and his administrator was made a party in his stead. When the case came on for trial upon the exceptions to the auditor's report, all the exceptions were stricken by the court for insufficiency of form, to which ruling the defendants excepted and brought the case here for review.

1. The first exception to the report is as follows: "That the findings and conclusions in the 2d paragraph of facts in the auditor's report, in which he finds: 'That the executors received, during the years 1876 and 1877, rent from storehouse and residence at Eastman, $168.00 per year. Of this amount $60.00 is accounted for in the return filed July 20th, 1876, leaving $276.00 unaccounted for,' is contrary to the evidence. The will, which is and was in evidence in said case, shows that said Eastman property was devised to Alfred Gay, and if the executors received any amount from rent of said property, they are not responsible to the heirs at law of John Gay in this proceeding for said amount received, and therefore these petitioners are entitled to a credit of $336.00 more than they have received credit for on this item in the auditor's report, and that they are not liable in any amount on said item." This exception, we think, clearly specified the error complained of, and was, therefore, sufficient in form. It singled out a certain finding of the auditor upon a particular item of account, and made such a definite specification of error as that the range of evidence upon the issue raised thereby could be directed and confined to such evidence as related

directly to the finding on the item specified. *Mason* v. *Commissioners*, 104 *Ga.* 35, and cases cited; *Mohr-Weil Lumber Co.* v. *Russell*, 109 *Ga.* 579. It is clear that if the specific item of property, the rental of which is charged against the executors by the auditor in this item of his report, was given by the will to Alfred Gay, then the executors are responsible to him for the rents of it received by them, and not to the other legatees. From the brief of evidence in the record it appears that lots 24, 25, and 26, in the town of Eastman, were devised to Alfred Gay, under the will of John Gay, and at least one, if not two, of the witnesses who testified before the auditor in behalf of the defendants in error swore that the residence, for the rentals of which, for the years 1876 and 1877, the auditor found the executors were liable, was situated on one of these lots. If the jury should so find upon the trial of the issue made by this exception, then the executors should not be charged with the amount of the rents found against them by the auditor.

2. The other exceptions to the report are: " 2nd. That the findings and conclusions of the auditor in his general summary to the effect that 'The executors due the estate on April 7th, 1896, the sum of $900.99, besides interest,' is contrary to the evidence and without evidence to support it. The evidence showing that the Eastman property was appraised at $1000.00 and was charged to the executors by the auditor when the appraisement of the estate was introduced, and they nowhere in said findings or report are given credit for the same; the evidence showing that [they] have long since, about the year 1871, turned said property over to said Alfred Gay as the will directed, and these petitioners as executors are entitled to an additional credit of $1000.00, besides interest, in said settlement with said heirs." " 3rd. These petitioners say that the auditor found contrary to the evidence in failing to find an additional credit of $200.00, the value of a certain gray mare, which was charged to them by the auditor, and the evidence also showing that they had turned said mare over to Alfred Gay as the will directed; and also the auditor found contrary to the evidence when he failed to give an additional credit of $100.00 for a yoke of oxen which they were charged with in the appraisement. The evidence showing that said yoke of oxen never did come into their hands, the fact being shown by the evidence that there were more oxen appraised than belonged to said estate." The fourth and last exception was a mere

general summary of those which preceded it. It is unnecessary for us to decide whether exceptions 2 and 3 clearly and distinctly specify the errors complained of; for, even if they be sufficient in form, an examination of the record makes it manifest that they are wholly without merit, and therefore the striking of the same is not cause for reversal. It does not appear, from either the report of the auditor or from the brief of evidence, that the executors were charged with the value of the Eastman property, or with that of the gray mare. The record further shows that they were charged with the value of only one yoke of oxen, viz., $50.00, and this appears as an admitted debit against them in one of their sworn returns. *Judgment reversed. All the Justices concurring.*