## HOSHER *et al. v.* FITZPATRICK *et al.; et vice versa.*

FISH, C. J. 1. An equitable petition for an accounting was brought, to which defendants filed answers. Demurrers to these answers were filed by plaintiffs. The court referred all issues of law and fact to an auditor for determination and report by him. The auditor filed a report in which no mention was made of the demurrers to the answers, and no ruling was made in regard to them. The plaintiffs filed exceptions of law and fact to such report. One of them, while called an exception of law, made the point that the auditor had failed to pass on the demurrers to the defendants' answers, and prayed a rereference to the auditor that he might pass on the issues of law thus made and file an additional report. This was overruled by the presiding judge. *Held,* that this was error.

(*a*) The other similar exceptions, complaining of the failure of the auditor to pass in detail on a number of allegations of fact in the pleadings of plaintiffs, were not meritorious.

(*b*) If an auditor fails to pass upon issues of law referred to him, the better practice is to make a separate motion for a rereference, with notice to the other side, and to have a hearing thereon, rather than to include such motion along with the general exceptions of law to the report. But under the facts of this case, and in view of the manner in which the exception referred to in the first preceding headnote was framed, and of the prayer thereof, and the fact that no objection was raised to including this in the exceptions of law, it will be treated in this court as a motion to rerefer.

2. Inasmuch as the passing upon the demurrers to pleadings may affect the entire case according as the ruling is made, it is not deemed proper now to take up specific rulings in regard to what transpired on the hearing without having ruled on the demurrers to the defendants' answers. *Greer* v. *Andrew,* 133 *Ga.* 193, 209 (65 S. E. 416).

3. As the cross-bill of exceptions complains only of a ruling by the presiding judge in framing the decree after overruling all exceptions of law and fact to the auditor's report, and inasmuch as the ruling above made sets aside the final decree on the ground stated, it would not be proper to rule upon the one small item of practice involved in the cross-bill of exceptions. Direction is therefore given, that the judgment complained of in the main bill of exceptions be reversed on the ground that the presiding judge refused to order a rereference to the auditor; that the cross-bill of exceptions be dismissed without prejudice; and that the case be returned to the court below, without adjudicating the merits of other grounds of exception complained of in the main bill of exceptions, or in the cross-bill of exceptions, and without prejudice to the rights of either party in the further progress of the case in respect thereto.

*Judgment reversed on main bill of exceptions, with direction. Cross-bill of exceptions dismissed, with direction. All the Justices concur.*

SEPTEMBER 18, 1914.

Exceptions to auditor's report.   Before Judge Walker.   Wilkes superior court.   August 4, 1913.

*William Wynne* and *Samuel H. Sibley,* for plaintiffs.

*E. H. Callaway, F. H. Colley,* and *W. A. Slaton,* for defendants.