32667. HAYGOOD *et al. v.* SMITH.

462

Decided November 17, 1949.

*Pierce Brothers,* for plaintiffs in error.
*Cumming, Nixon & Eve,* contra.

Sutton, C. J. By his amended petition in Richmond Superior Court, Guy C. Smith sought to recover $2844.01 from V. M. and Mary Haygood as the unpaid balance on a building contract, plus interest at 7% per annum from the date said indebtedness became due, March 22, 1947, and to establish a special lien for this amount on the improved real estate, located in the City of Augusta. In defense thereto the defendants alleged that by the plaintiff's failure to comply with the terms of the contract they had been damaged in the sum of $2000. The case was referred to an auditor to determine all questions of law and fact and report the same to the court, and after a hearing the auditor found in favor of the plaintiff for $2423.50, with interest thereon at 7% per annum from March 22, 1947. The defendants moved

to recommit the case to the auditor, and also excepted to certain findings of law and fact, joining the motion and the exceptions in one pleading, and the plaintiff moved to dismiss this pleading. The trial judge sustained this motion on each and every ground thereof, and dismissed the motion to recommit and the exceptions, and the defendants excepted to this ruling, bringing the case to this court.

■ It is suggested by the plaintiff, the defendant in error here, that the record should include the stenographic transcript of the evidence adduced at the hearing before the auditor. For a proper consideration of the assignment of error, as will hereinafter appear, it is not necessary that this court have before it the stenographic transcript of the evidence adduced at the hearing before the auditor.

■ The defendant in error contends that his motion to dismiss the combined motion to recommit and the exceptions to the auditor's report were in the nature of a general demurrer, and the plaintiffs in error treat the motion as being in the nature of a special demurrer. "A general demurrer enables the party to assail every substantial imperfection in the pleadings of the opposite side without particularizing any of them in his demurrer; but if he thinks proper to point out the faults, this does not vitiate it. A special demurrer goes to the structure merely, and not to the substance, and it must distinctly and particularly specify wherein the defect lies." *Martin* v. *Bartow Iron Works*, 35 *Ga.* 320, 323. The plaintiff moved to dismiss the pleading because (1) the pleader has combined his motion to recommit and his exceptions to the auditor's report; (2) the exception to the admission of certain evidence is defective in that it fails to show all of the evidence relative to this ruling; and (3) the necessary exhibits are not attached to the exceptions for a full understanding thereof, and the motion to recommit does not specify wherein the report of the auditor is indefinite. These grounds of the motion point out specific defects in form or structure, and consequently the motion to dismiss must be treated as being in the nature of a special demurrer only, with its scope limited to the specific defects in the pleading therein pointed out.

■ While it is true that it is the better practice to make a

separate motion for recommittal, rather than to include the motion with exceptions of law and fact, and it was so held in *Hosher* v. *Fitzpatrick*, 142 *Ga.* 384 (1) (82 S. E. 1065), and even though there was in the present case a specific and timely objection to the combining of the pleading, as distinguished from the *Hosher* case, this is not such a defect in itself as to vitiate the entire pleading, and authorize or require a dismissal of the same, and the issue made by the motion to recommit can easily be considered separately and distinctly from the issues made by the exceptions to the auditor's report, and in just the same manner as if the motion to recommit and the exceptions of law and fact had been filed as entirely separate pleadings.

■ The demurrant attacks the motion for recommittal in the third ground of his motion because it does not specify wherein the report of the auditor is indefinite. The motion for recommittal fails to point out specifically wherein the report of the auditor is confusing or contradictory, and fails to show wherein the movants may have been harmed by any confusing or contradictory statements. A motion for recommittal must specify with particularity wherein the report of the auditor may be indefinite, confusing, or contradictory. See *McCord* v. *Jackson*, 135 *Ga.* 176 (1) (69 S. E. 23); *Robinson* v. *Reese*, 175 *Ga.* 574 (1) (165 S. E. 744). It was not error for the trial judge to sustain that part of the plaintiff's motion or demurrer to dismiss the motion for recommittal and to dismiss the same.

■ The second ground of the motion to dismiss is specifically directed to the exception complaining of the admission of certain evidence, and that portion of the third ground of the motion to dismiss not pertaining to the motion for recommittal is directed to all of the exceptions. The issue presented by this part of the motion to dismiss is, in substance, that the exceptions are incomplete and thereby require no consideration upon their merits. "5. Exceptions to an auditor's report should not be stricken on demurrer when they point out the alleged errors in such manner that the nature of the same can be clearly and readily understood when considered in connection with the findings of the auditor to which such exceptions refer. 6. It is not erroneous to strike exceptions not meeting the requirement just indicated, or cause for reversal to strike exceptions which, though sufficient

as to form, are manifestly without merit." *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (5,6) (34 S. E. 1005). Also, see Code § 10-301; *Gay* v. *Gay,* 114 *Ga.* 361 (40 S. E. 265). Under the foregoing rulings it is first necessary to determine whether or not the exceptions are sufficiently complete, and as to those which may be deemed complete, to determine whether or not the same are manifestly without merit, in order to determine whether or not the trial judge committed reversible error in dismissing the exceptions.

■ The first exception of law is an assignment of error upon the finding of the auditor allowing the plaintiff 7% interest from the date the indebtedness became due, March 22, 1947, it being contended that the suit was for an unliquidated amount. The exception is sufficiently definite and complete in pointing out the alleged error of law, but it is manifestly without merit. The action was brought for the balance due on an executed oral contract for the furnishing of materials, labor, and services, and it appears that, as the work progressed, bills for expenditures and other fixed amounts due were submitted to the defendants, and were paid within a few days thereafter, with the exception of the final balance, which the defendants claimed they did not owe because of a crack in the wall of the completed building and for other reasons. The final balance due on the agreement, based on actual expenditures and fixed fees for supervision and other services, was due when the bill was submitted, and constituted a liquidated demand which bore interest from that date. Those things which are not liquidated are only whatever credits might be due to the defendants on account of the crack in the wall and some of the other items which the defendants claim in reduction of their indebtedness, but these items would only reduce the net balance of the plaintiff's liquidated demand. See Code § 57-110; *Thomson* v. *Ocmulgee B. & L. Assn.,* 56 *Ga.* 350; *Council* v. *Hixon,* 11 *Ga. App.* 818, 826 (4) (76 S. E. 603).

■ The second exception of law assigns error on the admission of the books of account of the plaintiff and statements therefrom because the same were not proved as books of original entry. It also appears that error is assigned upon the finding of the auditor that the plaintiff carried the initial burden of proving his bill of particulars by his own testimony, and as reason there-

for it is asserted that without the books of account and bills this testimony was valueless. The exception includes an excerpt from the finding of the auditor and also a lengthy transcript from the evidence. The exception seems sufficiently clear and complete within itself to present the issues as above stated, but the contentions of the plaintiff in error are without merit. The bookkeeper who made the entries identified the books and testified that the entries therein were made from original bills, memoranda, etc., and that the books were books of original entry in her handwriting. In *Fielder, Brothers & Co.* v. *Collier*, 13 *Ga.* 496, it was held that the bookkeeper and an account-sales clerk "were competent witnesses to testify from the entries and memoranda made by them, respectively, as to the amount of sales, expense, &c.; and that it was not necessary to go behind the books and examine the weigher, wharfinger, broker, and other employees who transacted the business," and it was also held that the books themselves in that case were the best evidence. In the present case the testimony of the clerk alone was sufficient to identify the books as books of original entry and to authorize their admission in evidence, and even if the testimony of the plaintiff standing alone was of no value, this testimony was only corroborative of the testimony of the bookkeeper and of the details of the transactions as indicated by the books of account and the monthly statements sent to the defendants, and it clearly appears that the auditor based his finding upon all of this testimony and documentary evidence. In this connection compare *Christopher* v. *Georgian Company*, 22 *Ga. App.* 707 (3) (97 S. E. 97), and citations.

■ In the first exception of fact error is assigned on the finding that the defendants were only entitled to $100 on account of the crack in the wall of the building, and it is alleged that this finding is contrary to the uncontradicted evidence included in the exception. This evidence is to the effect that the crack in the wall appeared because the new part of the wall was joined to an old wall, and the new wall was not on a sufficient foundation, and cracked when the foundation settled, and that it would cost up to $2000 to replace the cracked part of the wall, or $100 to patch the same satisfactorily. The alleged error of fact is sufficiently clear in the exception for an understanding of it.

The second exception of fact is substantially the same as the one just referred to. The last exception is designated as an exception of law and fact, and while this designation is not in literal compliance with the provisions of Code § 10-301, the alleged error as shown by the exception is distinctly pointed out, and is in substance that the auditor erred in failing to allow the defendants any credit for discounts, despite some evidence that the plaintiff took discounts when paying the bills, and testimony of one of the defendants that the total amount of discounts was $261.90. It appears that the auditor treated this testimony as having no probative value in determining the amount of allowable discounts and as representing only a guess or an opinion of the defendant who testified. The weight or probative value to be given any evidence, when considered with any other relative testimony, ordinarily comes within the province of a jury or other trior of fact, and the last exception should be treated as an exception of fact. "In all law cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury as in other issues of fact, and in equity cases by the jury when approved by the judge." Code, § 10-402. Also, see *Hudson* v. *Hudson*, 98 *Ga.* 147 (1) (26 S. E. 482); *Weed* v. *Gainesville, Jefferson &c. R. Co.*, 119 *Ga.* 576 (6) (46 S. E. 885). It was error for the trial judge to dismiss the exceptions of fact.

■ The trial judge did not err in sustaining the motion to dismiss insofar as it was directed to the motion for recommittal and the exceptions of law, but erred in sustaining the motion insofar as it was directed to the exceptions of fact as pointed out in division 8 of the opinion for the reasons therein specified.

*Judgment affirmed in part and reversed in part. Felton and Worrill, JJ., concur.*