### 37266. THOMPSON *v.* GORE.

CARLISLE, Judge. 1. " 'The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. *W. & A. R. Co.* v. *Evans,* 96 *Ga.* 481 (23 S. E. 494) ; *Freyermuth* v. *R. Co.,* 107 *Ga.* 32 (32 S. E. 668) ; *Ray* v. *Green,* 113 *Ga.* 920 [39 S. E. 470] ; *Farmer* v. *Davenport,*

118 *Ga.* 289 (45 S. E. 244). And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him. *Southern Bank* v. *Goette,* 108 *Ga.* 796 (33 S. E. 974).' *Southern Railway Co.* v. *Hobbs,* 121 *Ga.* 428 (49 S. E. 294)." *Davis* v. *Akridge,* 199 *Ga.* 867 (2) (36 S. E. 2d 102).

2. Accordingly, where in this suit to recover for damages to an automobile owned by the plaintiff incurred in a collision with an automobile owned by the defendant, the following question and answer thereto was made by the plaintiff on cross-examination: "Q. And at that time and upon the payment of that did you sign a paper, or did you assign the right of action, make an assignment to the State Farm Mutual Insurance Company did you assign the car over to them? A. Yes, I did," and, while elsewhere, the plaintiff testified that the State Farm Mutual Insurance Company did not pay her for the full value of the automobile, and where her testimony in regard to the matter of assignment may be said otherwise to be vague, equivocal, and self-contradictory, such testimony when construed most strongly against the plaintiff under the above stated rule of law showed that she had assigned any right of action she may have had to the State Farm Mutual Insurance Company, and the trial court did not err in granting a nonsuit. *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 22, 1958.

*Hicks & Henderson, J. Douglas Henderson,* for plaintiff in error.
*Reed, Ingram & Flournoy, R. M. Reed, Robert E. Flournoy, Jr.,* contra.