37396. THOMAS *v.* CITIES TRANSIT, INCORPORATED.

CARLISLE, Judge. Where to a petition seeking to recover for damages to the plaintiff's automobile on account of a collision with the defendant's bus, the defendant filed a plea in bar setting forth therein a release and settlement of claim executed by the plaintiff reciting the payment of $100 and in which the plaintiff released, acquitted and discharged the defendant "from all claims and demands, actions and causes of action, damages, cost, loss of service, expenses and compensation on account of, or in any way growing out of bodily injuries and property damage resulting or to result from" the described collision "by reason of Mrs. Erin W. Thomas being injured and my car being damaged" in the said collision, and by which the plaintiff agreed for himself, his heirs, executors and administrators to indemnify and save harmless the defendant "from all claims and demands for damages, costs, loss of service, expenses, or compensation on account of, or in any way growing out of said accident or its results both to persons or property", and which release contained the further provisions: "It is not the intent of this release to release any claim to be made by the collision carrier for damages paid by it by reason of this accident," the facts alleged in the plea in bar, i.e., the execution of the release containing the aforesaid provisions being admitted, the trial court did not err in sustaining the plea in bar and in dismissing the suit. Properly construed, this release, if it may be said that it preserved any rights at all against the defendant on account of the collision in question, preserved only such right as reposed in the plaintiff's collision insurance carrier and did not purport to preserve any right in the plaintiff. Any rights of the collision insurance carrier could be enforced in an action against the defendant tortfeasor by the insurance carrier in its own name, and the plaintiff, as assignor of such rights, or to whom the

insurance carrier may be subrogated, would not be a proper party plaintiff in any such action, nor is it proper to bring the suit in his name for the benefit of the insurance company as usee. Code § 85-1805; *Sullivan* v. *Curling,* 149 *Ga.* 96, 99 (99 S. E. 533, 5 A.L.R. 124); *Browder* v. *Cox,* 83 *Ga. App.* 738 (64 S. E. 2d 460); *King* v. *Prince,* 89 *Ga. App.* 588 (80 S. E. 2d 222). No question is presented by this case as to whether under the wording of the release herein pleaded a right of action was in fact preserved to the collision carrier. See *Southeastern Greyhound Lines* v. *Wells,* 204 *Ga.* 814, 815 (51 S. E. 2d 569).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 24, 1958.

*Ray Y. Cross,* for plaintiff in error.
*Perry & Walters, Robert B. Langstaff,* contra.