38659.   SUGGS v. BROTHERHOOD OF LOCOMOTIVE
          FIREMEN & ENGINEMEN *et al.*

Decided May 18, 1961—Rehearing denied July 27, 1961.

J. *Neely Peacock, Jr.,* for plaintiff in error.

*Divine & Busbee, George D. Busbee, Julian C. Sipple,* contra.

FRANKUM, Judge. ■ "The crux of the summary judgment procedure is that if there is no substantial issue as to any material fact, then the court can apply the appropriate legal principles and define the legal rights of the parties without lengthy trials to establish the already undisputed facts." *Caldwell v. Mayor &c. of Savannah,* 101 Ga. App. 683, 684 (115 SE2d 403). See also *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193).

*Code Ann.* § 110-1203, requires the trial court, in ruling on a motion for summary judgment, to consider "the pleadings, depositions, and admissions on file, together with the affidavits, if any," in support of the grounds of the motion to ascertain if there is any issue of a material fact. The plaintiff's right to maintain an action arises by the reason of the provisions of the employment contract negotiated between the Brotherhood and the Railway Company. See Hooser v. Baltimore & Ohio Railroad Co., 177 F. Supp. 186. The defendant Railway Company filed a motion for summary judgment upon the ground that it discharged the plaintiff in accordance with the provisions of the Union Shop Agreement. The defendant Brotherhood moved for a summary judgment in its behalf without specifying any ground. Attached to the respective defendants' motions are affidavits of certain Brotherhood officials and Railway Company employees. The depositions of the plaintiff and an agent of the Railway Company taken in the Federal court and by stipulation placed in the proceedings in the trial court (expressly so by the separate motions for a summary judgment) make a very clear issue of fact, in that, Section 4 of the Union Shop Agreement provides: "Employees . . . shall not be subject to provisions of this agreement . . . when on leave of absence. . ." The plaintiff testified by deposition that he sought and obtained a leave

of absence in the customary manner and procedure between the railway company and its employees for a 30-day leave of absence beginning June 17, 1955. (The discharge was made effective on July 5, 1955). The deposition of the defendant railway company's agent supported the plaintiff's testimony concerning the method of obtaining such leave, but disputed the fact of whether the plaintiff had obtained such leave.

The defendant Railway Company contends that it discharged the plaintiff at the request of the Brotherhood under the Union Shop Agreement (no contention was made that the plaintiff was discharged for any other reason); however, the Union Shop Agreement specifically provides that it will not be effective as to any employee while on a leave of absence. As to the Brotherhood, the undisputed evidence shows that on June 22, 1955, the Brotherhood requested that the plaintiff be discharged because the plaintiff was delinquent in his dues to the Brotherhood; that the plaintiff tendered his delinquent dues to the Brotherhood prior to the discharge date, but the Brotherhood failed to communicate this fact to the Railway Company, and that by letter of July 18, 1955, the Brotherhood admitted that there was some "misunderstanding" concerning the plaintiff's standing with the Brotherhood, and requested that the Railway Company reinstate him. It took the concerted action of both the defendant Brotherhood and the defendant Railway Company to discharge the plaintiff for reasons stated under the provisions of the Union Shop Agreement. Accepting the plaintiff's testimony as true (as we must do upon consideration of a motion for summary judgment), each defendant participated in the discharge of the plaintiff under the provisions of the Union Shop Agreement at a time when the agreement was not applicable to the plaintiff. It therefore follows that an issue of fact was presented as to whether the Union Shop Agreement was applicable to the plaintiff at that time. The cardinal rule of the summary judgment procedure is that the court may not resolve the facts nor reconcile the issues, but the court can only look to ascertain if there is an issue. See 35B C. J. S. 628, Federal Rules of Civil Procedure, § 1206; 6 Moore, Federal Practice, Supp., Par. 56.15 [1], at p. 2101 (2d ed.); 3 Barron & Holtzoff Federal Practice & Procedure 96, § 1231.

There is a substantial issue as to whether the provisions of the Union Shop Agreement were applicable to the plaintiff on the date he was discharged as an employee of the Railway Company.

■ In the briefs of counsel for the Brotherhood the contention is made that Article 30 of the Firemen's Agreement[1] contains a contractual limitation as to the time within which the plaintiff could bring the present action, and since the plaintiff's action was brought after the expiration of that time period, it is barred. On the other hand, the plaintiff contends that none of the provisions of Article 30 of the Firemen's Agreement are applicable to his suit, but relate to claims and grievances concerning "time claims," which he contends is unrelated to the plaintiff's action.

A defense based upon a contractual limitation as to the time in which an action may be filed differs from a defense based upon a statutory limitation of actions, in that the former may be raised by a general demurrer whenever the petition affirmatively shows the action to have been brought after the expiration of the time stated in the contractual limitation, while in the latter case a general demurrer must specify the statute of limitations as a ground. Cf. *Peeples v. Western Fire Ins. Co.*, 96 Ga. App. 39 (99 SE2d 349); *Woodall v. Hartford Fire Ins. Co.*, 33 Ga. App. 694 (128 SE 69); *Sammons v. Nabers*, 186 Ga. 161 (197 SE 284). However, the plaintiff's petition does not show the provisions of Article 30 of the Firemen's Agreement. Therefore, the plaintiff's petition does not show a contractual limitation barring his right to bring the present suit at the time it was filed. While the instant case is not here on demurrer, we

---

[1] A labor contract between the Brotherhood and the Company which became effective January 1, 1954, is called "The Schedule of Wages, Rules and Regulations Governing Its Locomotive Firemen, Hostlers and Outside Hostler Helpers," herein referred to as the Firemen's Agreement. The Union Shop Agreement became effective between the Brotherhood and the Company on March 20, 1953, and appears as an appendix to the Firemen's Agreement.

feel the above authority is important to show that if the contractual limitation is applicable and germane, the defendants must allege and prove it as a defense. In the instant case the defendants did not set up such a defense in their answers. Neither defendant alleged a contractual limitation as a ground for summary judgment. While the Firemen's Agreement was placed in the record by being attached as an exhibit to one of the affidavits filed by the Brotherhood, such affidavits and exhibits serve only as evidence, when relevant and admissible, in support of a proper ground of a motion for summary judgment and not as a substitute for such ground. The purpose of specifying a ground of a motion is to acquaint the opposite party with the basis upon which the motion is sought. A party against whom summary judgment is sought should be apprised of the grounds of such motion in order that he may be prepared at the hearing to oppose the same. Accordingly, as neither of the motions specifies a contractual limitation barring the present action as a ground for summary judgment, there is no question regarding such limitation before this court.

*Judgment reversed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*