## 39154. RENDER v. JONES.

CARLISLE, Presiding Judge. 1. Where, in a suit to recover property damages allegedly sustained as the result of a collision

between a motorcycle belonging to and operated by the plaintiff and the defendant's automobile, the defendant sought to elicit from the plaintiff on cross-examination parol testimony that the plaintiff had been paid for his damages by an insurance company, such evidence, without more, was inadmissible and was properly excluded. *Barrett v. Western & Atlantic R. Co.*, 144 Ga. 47 (85 SE 1016). Special grounds 1 through 4 of the motion for a new trial complaining of the refusal of the court to permit the defendant to elicit such testimony from the plaintiff do not show harmful or reversible error.

2. One of the special grounds of the motion assigns error on the ground that the court refused to permit the defendant to elicit parol testimony to the effect that the plaintiff had assigned his cause of action to an insurance company in exchange for its payment of his damages. Any assignment of the plaintiff's claim to an insurance company, to be valid, would have to be in writing, and the writing itself would be the best evidence of such an assignment. Consequently, an affirmative answer by the plaintiff to the effect that he had assigned his claim would have been a legal conclusion and, not being the highest and best evidence, would have been insufficient standing alone to have entitled the defendant to a nonsuit, "still, since the information sought was such as lay peculiarly within the knowledge of the plaintiff, the court should have allowed the defendant, on cross-examination, to develop tentatively the information sought, in order that the defendant might, if he could, legally prove the writing thus ascertained to be in existence." *Lamon v. Perry*, 33 Ga. App. 248, 251 (125 SE 907). It was not essential that the defendant, in order to ascertain whether an assignment had been made, serve the plaintiff with a notice to produce or that he use other discovery procedures since these procedures are merely cumulative of other remedies available to a party for the purposes of discovery. The refusal of the judge to permit the line of questioning, as complained of in special ground 5 of the motion, unduly restricted the defendant's right of cross-examination of the plaintiff, and was harmful and reversible error.

3. The final special ground complains of the exclusion from the evidence by the court of a letter allegedly written to the de-

fendant by a third party who was not a witness in the case and so far as appears from the record had no connection with the case. Insofar as the plaintiff was concerned, the contents of this letter were purely hearsay and it was not admissible for any purpose.

*Judgment reversed. Eberhardt and Custer, JJ., concur.*

DECIDED NOVEMBER 17, 1961—REHEARING DENIED NOVEMBER 30, 1961.

*Saul Blau,* for plaintiff in error.
*Lipshutz, Macey, Zusmann & Sikes,* contra.