40476. FRICKS et al. v. COLE.

144

Decided February 14, 1964.

*Parker, Clary & Kent, Horace T. Clary,* for plaintiffs in error.
*Wright, Walther & Morgan, Clinton J. Morgan,* contra.

FELTON, Chief Judge. ■ The plaintiffs in error expressly abandoned their exception to the judgment overruling their special demurrers.

■

■ *Code Ann.* § 68-1626 requires that the driver of every vehicle shall drive at an appropriately reduced speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, so controlling speed as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care. The petition alleges the existence of practically all of the conditions above enumerated, to wit: an intersection, a curve, a hill and a winding and rough surfaced roadway. The petition alleges facts which show that the plaintiff was on the street in compliance with legal requirements and the duty of all persons to use due care; it is alleged that he brought the truck to a complete stop and did not enter the intersection until he had looked both ways for oncoming traffic and had seen none. "Furthermore, the plaintiff is not required in his petition to negative the fact that his injury was not the result of his own failure to exercise ordinary care for his own safety or that it was not the result of his own negligence. Such would be matters of affirmative defense. If the petition makes a jury case as to the defendant's negligence, and it does not affirmatively appear therefrom that the injury resulted either from the plaintiff's own negligence or from his failure to exercise ordinary care for his own safety upon discovery of the defendant's negligence, the petition would not be subject to general demurrer on the ground that it does not set out a cause of action." *Bach v. Bragg Bros. & Blackwell, Inc.*, 53 Ga. App. 574, 577 (186 SE 711) ; *Lawrence v. Hayes*, 92 Ga. App. 778 (4) (90 SE2d 102). The court did not err in overruling the general demurrer to the petition.

■ Exception is taken to the overruling of the objections to the proposed interrogatories to be submitted to the claims manager of Cotton States Mutual Insurance Company, whereby information regarding the defendant's insurance coverage and details of the collision are sought by the plaintiff.

Most orders requiring or denying discovery do not finally dis-

pose of the proceeding or of any independent offshoot of it, and are, therefore, not appealable. If a discovery order is terminative of a plenary proceeding, as an order for the perpetuation of testimony under Rule 27, Federal Rules of Civil Procedure (*Ga. Code Ann.* § 38-2102), it is final and appealable. If a discovery order is not complied with and noncompliance leads to an order of contempt, if the contemnor is not a party to the litigation, the order adjudging him in contempt is final, even though it is entirely civil in character. Most discovery orders, then, are not subject to direct appeal and generally they are not reviewable by mandamus or prohibition. It has been held that no appeal will lie from an order directing a party or witness to answer interrogatories. Hartley Pen Co. v. United States District Court for Southern District of California (CA9th, 1961) 287 F2d 324, 4 FR Serv2d 34.64, case I. While the correctness of discovery orders oftentimes has become moot by the time review is had of a final judgment in the case, they are, nevertheless, reviewable on appeal or cross appeal from the final judgment, insofar as they are not moot and have not affected the correctness of that judgment. Moore, Federal Practice, Vol. 4, § 26.37 [1.-1]; Ibid., 1961 amendment, p. 592.

The order overruling the objections is therefore not reviewable under the Federal rules, nor is it made reviewable under Georgia law by the following provisions of *Code Ann.* § 6-701: "Where bill of exceptions is permissible, all judgments, rulings, or orders rendered in the case which are assigned as error, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling, or order standing alone, and without regard to whether the judgment, ruling or order excepted to was final, or was subject to review by some other express provision of law contained in this section, or elsewhere." "Our courts have recognized the general rule that to constitute either ground for a new trial or reversible error the ruling complained of must constitute both an error and an injury to the complaining party." Green, Georgia Law of Evidence, 26, § 10, citing *Harrison v. Hester*, 160 Ga. 865 (3) (129 SE 528), *Jones & Phillips, Inc. v. Patrick*, 11 Ga. App. 67 (74 SE 700), and

*Weiss v. Johnson & Johnson Const. Co.,* 98 Ga. App. 858 (9) (107 SE2d 708). The order overruling the objections to the interrogatories did not amount to an admission of the answers thereto in evidence, since the court must still rule upon their admissibility, subject to any objections made under the provisions of *Code Ann.* § 38-2101(e), when and if the completed interrogatories are offered as evidence. Since the testimony elicited by the interrogatories need not necessarily be such as will be admissible at the trial, *Code Ann.* § 38-2101(b), and it cannot be known at this stage of the proceeding which interrogatories will be offered as evidence or which will be admitted in evidence, it is therefore impossible to judicially determine whether or not the overruling of the objections will, or even may, affect the subsequent proceedings and constitute harmful error.

The court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*