40732, 40760.   BENEFIELD v. MALONE; and vice versa.

DECIDED NOVEMBER 10, 1964.

*Ware, Sterne & Griffin, Richard H. Johnston,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, E. Smythe Gambrell, Sidney F. Wheeler,* contra.

BELL, Presiding Judge. ■ The plaintiff assigns as error the order of the trial judge overruling her oral motion to dismiss the defendant's motion for summary judgment. The motion to

dismiss was based on the contention that defendant had not specified the grounds upon which the motion for summary judgment relied within the meaning of *Suggs v. Brotherhood of Locomotive Firemen & Enginemen,* 104 Ga. App. 219, 223 (2) (121 SE2d 661).

As in *Suggs,* the motion here merely identifies certain evidentiary material and recites the substance of the language of the summary judgment statute by stating that there exists in this case "no genuine issue as to any material fact" and that movant "is entitled to judgment as a matter of law." Among other things the motion here identifies and offers as supporting evidence the interrogatories and the answers to the interrogatories which are considered in subsequent divisions of this opinion.

We recognize that the motion is insufficient under the principle announced in Division 2 of the opinion in *Suggs.* In this status *Suggs* must be followed or it must be overruled. We have concluded that the rule in *Suggs* is unsound, tends to nullify the beneficent purposes of the Summary Judgment Act and must be overruled.

A motion for summary judgment is comparable in effect to any pleading, motion or process which permits the entering of a final judgment. It has been specifically compared in precedents to a motion for a directed verdict. *McCarty v. National Life &c. Ins Co.,* 107 Ga. App. 178, 179 (1) (129 SE2d 408); and citations; *One in All Corp. v. Fulton Nat. Bank,* 108 Ga. App. 142, 144 (132 SE2d 116); *Standard Acc. Ins. Co. v. Ingalls Iron Works Co.,* 109 Ga. App. 574, 575 (136 SE2d 505). Yet neither the language of the statute dealing with directed verdicts nor any appellate decision has required that any particular ground beyond that specified by the statute be stated. From that point on the law and the evidence governs its grant or denial.

A general demurrer as used in Georgia practice is also comparable to a motion for summary judgment. Each of these procedures has its place in the practice and the grant of either is no less fatal and final to the losing party. Yet a general demurrer is effectively presented when it merely asserts that

"no cause of action" is stated. "A general demurrer or motion to dismiss in the nature of a general demurrer on the broad ground that the petition or count does not set forth a cause of action covers all reasons or grounds which would support the broad contention. This is true even when, after making the broad averment that the petition or count sets forth no cause of action, in addition thereto, the demurrer goes on and enumerates some particular grounds, the demurrer or motion to dismiss still covers all grounds and cannot be confined to those specifically named in addition to the broad attack made on the petition or count. However, when a demurrer or motion is limited by its content to a particular ground or reason by alleging that the petition or count sets forth no cause of action *'in that* etc.,' the only question raised is whether the petition or count sets forth a cause of action for the particular reason expressly assigned." *Georgia Cas. &c. Co. v. Reville*, 95 Ga. App. 358, 362 (98 SE2d 210). "A general demurrer enables the party to assail every substantial imperfection in the pleadings of the opposite side without particularizing any of them in his demurrer; but if he thinks proper to point out the faults, this does not vitiate it." *Martin v. Bartow Iron Works*, 35 Ga. 320, 323; *Haygood v. Smith*, 80 Ga. App. 461 (56 SE2d 310).

A motion for summary judgment imports nothing more drastic in the judicial process than does a motion for directed verdict or a general demurrer. It is subject to the same safeguards prohibiting abuse. It is designed to facilitate and not retard the correct application of the law. So long as counsel and parties are diligent there is no reason to fear or mistrust the summary judgment procedure. The degree of diligence required in summary judgment is no more or less than that permeating other procedural phases of the law. There is nothing "tricky" about it.

Respondent may resist by doing nothing, relying on the failure of the movant to remove all issues of fact from the case; or by presenting evidence showing an issuable fact. The respondent is not limited by the Summary Judgment Act to mere rebuttal of the movant's affirmations; his range of resistance to the motion is limited only by the pleadings and he may show

anything properly within their ambit which portrays an issuable fact. It should be borne in mind that the trial judge has a wide discretion in allowing either party an opportunity to offer additional evidence including the method of introduction as well as by the grant of additional time although a refusal to do either does not constitute reversible error unless it is made clear that the court abused its discretion. *Studstill v. Aetna Cas. &c. Co.*, 101 Ga. App. 766, 768 (2) (115 SE2d 374). If there is doubt in the trial judge's mind as to whether the movant has carried the burden of showing there is no substantial issue of material fact, he may require such additional evidence as he deems advisable and prescribe the method by which the additional evidence must be presented. A denial of the motion by the trial judge is never subject to review.

The courts have the responsibility of giving effect to legislative enactments and of keeping the application of statutes as simple as possible. A motion for summary judgment should not be hamstrung by a rule serving as a detriment to its useful purpose. Here the motion for summary judgment contained in its phraseology the essential substance of the summary judgment statute and that is sufficient.

Insofar as it requires elaboration beyond the appropriate language of the statute, the holding in Division 2 of the opinion in the case of *Suggs v. Brotherhood of Locomotive Firemen and Enginemen,* 104 Ga. App. 219, pp. 223-224, supra, is specifically overruled. In this connection it is appropriate to suggest that the Summary Judgment Act does not change the requirements of pleadings extant in our practice and procedure. Thus, if an absolute bar to an action requiring some sort of special pleas is developed by either the pleadings or the evidence during the course of the hearing on the motion for summary judgment, it is not only appropriate but necessary at that time to take advantage of the bar by utilizing the prescribed method by which the bar is required to be raised. See *Standard Accident Ins. Co. v. Ingalls Iron Works Co.,* 109 Ga. App. 574, 576, supra.

The trial judge did not err in overruling the plaintiff's motion to dismiss the defendant's motion for summary judgment.

■ Exceptions are taken to the order of the trial judge deny-

ing the plaintiff's objections to certain interrogatories propounded by the defendant. Orders denying or requiring answers to interrogatories are reviewable on appeal after final judgment if they have affected the final judgment and are not moot. *Fricks v. Cole,* 109 Ga. App. 143, 146 (3) (135 SE2d 512).

The purpose of these interrogatories was to determine whether the plaintiff had assigned her cause of action to an insurance company. If the cause had been assigned, the plaintiff as assignor would have no standing to bring the action. *Thomas v. Cities Transit, Inc.,* 98 Ga. App. 694 (106 SE2d 351) and cases cited; *Thompson v. Gore,* 98 Ga. App. 231, 232 (2) (105 SE2d 359); and see *Ernest L. Miller Co. v. Gauntt,* 93 Ga. App. 178, 179 (1) (91 SE2d 104). Clearly these interrogatories were within the purview of the discovery proceedings authorized by *Code Ann.* §§ 38-2108 and 38-2101(b). We are not here concerned with whether the interrogatroies and the answers would have been admissible in evidence on the trial of the case before a jury, for the questions were designed to discover whether there existed an absolute bar as a matter of law against this plaintiff in the action. For the discovery purpose intended the interrogatories were "reasonably calculated to lead to the discovery of admissible evidence" in the defense of the case. *Code Ann.* § 38-2101(b). See *Render v. Jones,* 104 Ga. App. 807, 808 (2) (123 SE2d 196).

The trial judge properly overruled the plaintiff's objections to the interrogatories.

■ The interrogatories and answers were correctly considered by the trial judge as evidence in support of the motion for summary judgment. "Interrogatories and answers thereto may properly be considered when ruling on a motion for summary judgment. We believe this to be an entirely reasonable and proper rule, particularly when answers to interrogatories must be in writing and under oath, and one which we accordingly adopt." American Airlines, Inc. v. Ulen, 186 F2d 529, 532 (D.C.Cir. 1949). "The rule of the American Airlines case is sound and generally followed." 6 Moore, Federal Practice ¶ 56.11 [5], p. 2080 (2d Ed. 1953).

■ The trial judge in his order granting the motion for sum-

mary judgment recited that "at the time this petition was filed on April 10, 1963, plaintiff had assigned her cause of action, and therefore did not have the right to sue at that time." Clearly the grant was based on this hypothesis.

The plaintiff's answers to the defendant's second set of interrogatories quotes in full the language of paragraphs 4 and 5 of the "proof of loss" form as signed by the plaintiff as the insured and submitted to the insurer. Without doubt the language of these paragraphs, if the "proof of loss" containing them had been accepted by the insurer, would have effectuated an assignment of the cause of action.

There is no language other than these two paragraphs in either the "proof of loss" or the "loan receipt" forms sufficient to constitute an assignment of the cause.

As the evidence stands in the record, there is nothing to suggest that the "proof of loss" form dated November 13, 1962, unilaterally signed by the insured, was accepted by the insurer until the "loan receipt" agreement was executed by both the insurer and the insured on September 24, 1963. Even then the "loan receipt" agreement expressly recites that paragraphs 4 and 5 of the "proof of loss" were canceled. Further, these two paragraphs were actually stricken from the "proof of loss" form. Thus, on the basis of the present record, these paragraphs could not constitute a part of the settlement between the insured and the insurer. It necessarily follows that neither the "proof of loss" nor the "loan receipt" forms, as these documents appear in the record, resulted in an assignment of the cause of action.

There is nothing else in the record sufficient to have authorized the trial judge to conclude as a matter of law that the plaintiff had assigned her cause of action to another prior to commencing her suit.

The trial court erred in granting the defendant's motion for summary judgment and entering judgment for the defendant.

■ It appears that the trial judge dismissed the cross action of the defendant for the sole reason that it had become moot by reason of the grant of the defendant's motion for summary judgment.

The judgment of the trial judge dismissing the defendant's

cross action is reversed with directions that it be reinstated subject to all objections which otherwise might have been interposed to it.

*Judgment reversed on the main bill and reversed on the cross bill.*

*Jordan, Hall, Eberhardt, Russell and Pannell, JJ., concur. Felton, C. J., Nichols, P. J., and Frankum, J., dissent in part.*

FELTON, Chief Judge, dissenting in part. ■ I concur in the ruling of the trial court which overruled the motion by the plaintiff to dismiss the defendant's motion for a summary judgment upon the ground that the defendant had not specified in the motion the ground relied on as a basis for a summary judgment, but not for the reason assigned by the majority. I am of the opinion that a motion for a summary judgment should specifically set out the ground or grounds upon which the motion is based, but in this case the defendant's failure to do so was not harmful to the plaintiff because the plaintiff was fully informed that the only question involved in the motion for a summary judgment was whether or not the plaintiff had assigned her cause of action to the insurance company which had issued the plaintiff a policy of collision insurance.

■ A motion for a summary judgment is a new and harsh remedy. It is true that a party can be the victim of ambush, innocent or designed, in certain situations; but in a summary judgment proceeding the possibility of ambush is increased beyond anything present under our existing rules, such as rulings on general demurrers, rulings on the general grounds for a motion for a new trial, motion for a directed verdict, etc. In a summary judgment proceeding the party against whom the motion is made is subject to all of the pitfalls combined under all the other rules of practice, and it would be much simpler to require the movant in such a case to specify the ground or grounds in his motion for a summary judgment so that the defendant can meet the requirements of the law in demonstrating affirmatively to the court that there is a genuine issue to be tried by a jury. In this very case where there is one simple little question to which both parties gave their fullest attention, the trial court could have granted a summary judgment if in his opinion the

plaintiff's petition did not set out a cause of action, and the plaintiff would never have known of her predicament until too late to amend and perfect her petition. When possible, the right of amendment should be preserved.

Where this State picks up a rule of practice or procedure from Federal rules, Georgia courts should construe them and not be tied down by what Federal courts decide for the reason that only construction of the rules by the United States Supreme Court would be binding on us if we were required to follow the Federal law. Since the Supreme Court very seldom rules on such a matter we are left in a maze of decisions by Federal Circuit and District Courts which are accumulating by the hundreds and scattered over 50 states. It is interesting to note that the District Court for the Northern District of Georgia has promulgated Rules 8 and 9 of the local rules of the said district as follows: *"Rule 8. Motions: briefs in support thereof.* (a) Counsel shall submit with all written motions a brief of authorities (and written argument, if desired) and where allegations of fact are relied upon, affidavits in support thereof. (b) Responding counsel desiring to submit a response, brief or affidavit shall submit the same within ten (10) days after service of movant's motion and brief. (c) Movant and respondent shall serve copies of all motions, briefs, affidavits (and argument if submitted) upon opposing counsel and shall file proof of such service. (d) All motions shall be decided by the Court without a hearing unless otherwise ordered by the Court on its own motion, or in its discretion upon request of counsel. *Rule 9. Motions to dismiss and for summary judgment.* (a) Motions for summary judgment under Rule 56 of the Federal Rules and motions to dismiss under Rule 12 of the Federal Rules shall not, unless otherwise ordered, be entertained by the Court unless said motions are made at least fifteen (15) days before the final pretrial conference. (b) In support of all motions for summary judgment movant shall at least ten (10) days before the hearing thereof, file with the Court and serve opposing counsel with findings of fact upon which said motion is predicated, giving in connection with each finding the document upon which it is based." We think that these rules should go further and re-

quire a movant to apprise the court and the opposite party of the propositions of law which movant contends entitle him to a summary judgment.

It is better for this court to declare this rule than for the various trial courts to have different and divergent rules. Furthermore, the difference between State and Federal rules in other particulars renders it unwise to follow Federal court interpretations of rules copied by the State.

I concur in the other parts of the opinion and in the judgment.

Presiding Judge Nichols and Judge Frankum concur in what is stated above.