## 34311. DeKALB COUNTY et al. v. TOWNSEND ASSOCIATES, INC.

UNDERCOFLER, Presiding Justice.

Townsend Associates, Inc., (TAI) brought an action against DeKalb County, its commissioners and other officers, individually and in their official capacities, seeking injunction, mandamus and declaratory judgment. Builders of a 14-unit subdivision of single family residences, TAI claimed it acted upon assurances that sewer services would be available to this property by the end of 1974; that it purchased and developed the property by December, 1975; that without notice to TAI the board of commissioners declared a moratorium on sewer tap-ins to Kingsley Oxidation Pond on October 14, 1975; and that the board arbitrarily and capriciously denied TAI's repeated applications for sewer tap-ins to this pond while granting tap-ins to others.

The defendants rebutted these claims by contending the original property owners, not TAI, received assurances regarding sewer service to the property. They also argued that TAI clearly knew septic tanks would have to be used and the final plat submitted by TAI showed this prospective use. It was argued further that the ordinance declaring a moratorium was a reasonable exercise of the police power to protect the public health and welfare.

After hearing testimony and argument of counsel without a jury, the trial court in its findings of fact and conclusions of law found that prior to the purchase of the property, TAI discussed the availability of sewage

facilities and received indication from the original property owners and from defendants that sewer facilities would be available, contingent upon the completion of the development of TAI's property in the latter months of 1974. Development was completed in the fall of 1975 and a final plat recorded in December, 1975.

On October 14, 1975, the board of commissioners adopted a moratorium banning further tap-ins to the Kingsley Oxidation Pond, the only sewage and disposal facility and system immediately available to TAI. The moratorium was not limited in time nor was its necessity indicated within its terms, and although TAI repeatedly made application for tap-in permits, these were denied on the strength of the moratorium. Independent studies by the State Environmental Pollution Division of the Department of Natural Resources and the DeKalb County Water and Sewer Department showed the oxidation pond was hydraulically and organically underloaded and could easily handle the flow from TAI's 14 unit subdivision without encroaching the capacity set by state and federal governments. These studies were corroborated by a private study initiated by TAI. Lack of availability of the sewer tap-ins reduced the market potential of the lots and threatened TAI with bankruptcy. The court also found the market value of the property was cut in half by the lack of sewer services and that the defendants had introduced no evidence to show those parties who had been permitted to tap-in had had any trouble with their septic tanks prior to doing so nor that the county health department had declared the pond a public nuisance.

In its conclusions of law, the court found the moratorium was an improper exercise of the police power and invalid. Also, the court found even if the county had shown a valid need, it could not arbitrarily, unreasonably or capriciously refuse a permit to TAI without offending equal protection guarantees.

The court declared the ordinance unconstitutional, permanently enjoined the county from enforcing it as to TAI, and issued a mandamus absolute requiring the county to permit the tap-ins demanded in the suit.

1. Appellants contend that a moratorium on tap-ins

was a reasonable exercise of the county's police power. "To justify the State in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals." *Mack v. Westbrook,* 148 Ga. 690, 692 (98 SE 339) (1918). In our opinion there was no evidence of reasonable necessity for the moratorium and we affirm the trial court. See *Barrett v. Hamby,* 235 Ga. 262, 265 (219 SE2d 399) (1975).

2. Appellant relies upon *Denby v. Brown,* 230 Ga. 813 (199 SE2d 214) (1973) to support its contention that TAI had no clear legal right to these tap-ins. *Denby,* supra, is inapposite. There the applicant resided *outside* the city limits of Tifton and its charter permitted but did not require the city to provide sewer services there. That case does not hold that a municipal utility can arbitrarily deny such service to one of its citizens living *within* its corporate limits. It is immaterial that TAI produced no evidence that a written agreement existed between the county and the appellee for sewer services.

3. "The duty to determine the constitutionality of a legislative enactment is vested in the judges, not the jury . . . Although there is no right to jury trial, the court may call for special verdicts if, in its discretion, it desires to seek a jury's aid as a fact-finding body to resolve specific factual disputes. . . This is true whether the case arises in equity, or as a declaratory judgment or mandamus action." *Guhl v. Davis,* 242 Ga. 356, 357-358 (249 SE2d 43) (1978).

The trial court did not err in denying appellant's oral motion for a jury trial.

4. a. The "best evidence" rule does not prevent the introduction of certified copies of plaintiff's exhibits 1 through 5, deeds on file in the clerk of court's office, and notes where the contents of the writings are not in issue. Agnor's, Georgia Evidence, 1976, § 13-1. See also Code Ann. § 38-641.

b. Appellants complain that the introduction of plaintiff's exhibits 6, 18 and 19, over objection that they

were hearsay as to the witness on the stand, was error. We do not agree. These exhibits, a letter and two memoranda written by county officers, were admitted for the limited purpose of showing motivation prompting TAI to purchase and develop the property served by the Kingsley Oxidation Pond. *Render v. Jones,* 104 Ga. App. 807 (3) (123 SE2d 196) (1961) is inapposite.

c. There was no error in permitting counsel for plaintiff to examine Richard C. Woodman, President of TAI, concerning his opinion as to whether the oxidation pond was operating at capacity. Mr. Woodman was qualified as a civil engineer, and counsel for appellants was permitted to cross examine him.

d. There is no merit to the contention that the court refused to allow counsel to examine the witness, Clint Stewart, as to whether the action by the board of commissioners declaring the moratorium was in the best interest of the county. The court thought the question improper, but permitted it when the witness volunteered to answer and did so in the affirmative.

5. Sovereign immunity is not applicable where an action is sought to prevent the commission of a wrongful act by an officer acting under color of authority and beyond the scope of official power. *Chilivis v. National Distributing Co.,* 239 Ga. 651, 654 (238 SE2d 431) (1977).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1979 — DECIDED FEBRUARY 6, 1979.

*George P. Dillard, Gail C. Flake,* for appellants.
*Simmons, Warren & Szczecko, Joseph Szczecko,* for appellee.