### 75193. CLARK v. THE STATE.
### 75194. CUMMINGS v. THE STATE.
(364 SE2d 641)

CARLEY, Judge.

Appellants were co-indicted for possession of cocaine with intent to distribute. They were jointly tried before a jury and both were found guilty. Each appellant filed a separate appeal from the respective judgment of conviction and sentence that was entered on the guilty verdict against him. Appellants' separate appeals are hereby consolidated for disposition by this single opinion.

1. Both appellants enumerate the general grounds. Based on a

thorough review of the evidence that was produced at trial as against each appellant, we find that a rational trior of fact could reasonably have found both to be guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Each appellant also enumerates as error the trial court's failure to include in its charge to the jury, without request, a definition of the statutory language "possess with intent to distribute." " 'In the absence of request, the court's failure to define the meaning of terms used in the charge is not ordinarily ground for reversal. [Cits.]' [Cit.]" *Black v. State*, 167 Ga. App. 204, 207 (6) (305 SE2d 837) (1983). "The meaning of the phrase ['with intent to distribute,'] although necessarily somewhat inexact, is not so obscure as to require definition absent a request, and the trial court did not err in failing to define that phrase." *Dix v. State*, 238 Ga. 209, 215 (5) (232 SE2d 47) (1977). This enumeration is without merit.

3. Appellant Cummings enumerates as error the trial court's admission into evidence, over his hearsay objection, of certain documents found in the dwelling he shared with others. The trial court ruled that the documents were admissible for the limited non-hearsay purpose of showing that the particular bedroom where they were found was occupied by appellant Cummings and not for the purpose of showing the truth of any matter stated therein. The trial court's ruling was correct. See *DeKalb County v. Townsend Assoc.*, 243 Ga. 80, 82 (4b) (252 SE2d 498) (1979); Agnor's Ga. Evid. (2nd ed.), § 11-1 (1986). This enumeration is without merit.

*Judgments affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 12, 1988.

*S. Andrews Seery*, for appellant (case no. 75193).
*Gwendolyn A. Atkinson*, for appellant (case no. 75194).
*H. Lamar Cole, District Attorney, James E. Hardy, J. David Miller, Assistant District Attorneys*, for appellee.